McCAUGHN, Collector of Internal Revenue, v. GIRARD TRUST CO.

(Circuit Court of Appeals, Third Circuit. February 23, 1926.)

No. 3362.

Internal revenue ⬅8—Trust agreement held post mortem disposition of property, to take effect in possession and enjoyment at grantor's death (Revenue Act 1918 [40 Stat. 1057]).

Instrument irrevocably granting property in trust, to pay income to grantor during her life, and on her death to convey principal to another in fee, but reserving to grantor right to occupy or use property while entitled to income, *held* a post mortem disposition of property, to take effect in possession and enjoyment at or after grantor's death, within Revenue Act 1918, imposing tax on such interests.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by the Girard Trust Company, executor of the estate of Annie Bradford, deceased, against Blakely D. McCaughn, Collector of Internal Revenue. Judgment for plaintiff (3 F.[2d] 618), and defendant brings error. Reversed.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and A. W. Gregg, Solicitor of Internal Revenue, of Washington, D. C. (T. H. Lewis, Jr., Sp. Atty., Internal Revenue, of Washington, D. C., of counsel), for plaintiff in error.

Joseph Carson and Hampton L. Carson, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Girard Trust Company, executor of Annie Bradford, brought suit and recovered judgment against McCaughn, collector of internal revenue, for taxes alleged to have been erroneously assessed and wrongfully collected from her estate under the provisions of the Revenue Act of 1918 (40 Stat. 1057). Thereupon the collector sued out this writ of error, and the case turns on the meaning and effect to be given, as applied to the real estate here involved, of these words of the act: "Any interest therein * * * with respect to which he has at any time created a trust * * * intended to take effect in possession or enjoyment at or after his death."

Turning to the facts involved, we note that on April 17, 1916, Annie Bradford executed and delivered to the Girard Trust

Company and another named trustee the instrument in question, whereby "for the purpose of reserving the properties and estates hereinafter designated for the benefit of the parties hereinafter mentioned and for the accomplishment of the other purposes hereinafter set forth" she did "grant, bargain, sell, assign, transfer and set over unto trustees, their heirs, successors and assigns," inter alia, the premises here involved, "in trust * * * to collect the rents, issues and profits thereof, and, after the payment of all necessary expenses and commissions, to pay over the real income therefrom ε * * unto grantor for and during the term of her natural life: Provided, however, that during the term that grantor is entitled to the income from said properties she shall have the right to occupy or use either or both of said properties for her own personal use or for such other use as she may elect," and, "In further trust upon the death of said grantor to assign, transfer and convey unto Emma Wood Hays, wife of I. Minis Hays, her heirs and assigns, absolutely and in fee, the corpus or principal held hereunder." The instrument further provided: "All the trusts herein named and established are declared by the grantor hereof to be irrevocable by her, the matter of the revocability or irrevocability of these trusts having been carefully considered by her and she having definitely determined that they shall be irrevocable."

In pursuance of the provisions thereof Miss Bradford occupied the premises in question during her life and since then the title thereof has been conveyed by the trustees, pursuant to the terms of the instrument, to those in interest under Mrs. Emma Wood Hays, who died during the life of Miss Bradford. Without citing the authorities set forth so fully and convincingly in the brief of counsel for the trust company, we restrict ourselves to saying they satisfy us that this instrument took effect on delivery and conveyed the fee of the realty here involved to the trustees, that it was irrevocable, and that thereunder a vested interest then inured to Mrs. Hays. But these matters of title do not solve the taxation question before us, for that statute concerns not alone the effect of the instrument in vesting of interests by title, but whether the interest involved thereunder was "intended to take effect in possession at or after his (the grantor's) death."

To determine that question, three questions arise which, as we see it, are questions of fact, namely:

First. Miss Bradford was, when she executed the agreement, the owner in fee of the premises and such realty was property and ownership to which in the statutory words "any interest therein" applied.

Second. Was her interest therein, namely her ownership in fee, an interest, to again use the words of the statute, "with respect to which he (she) has at any time created a trust"? If so, the agreement therefore created a trust, the subject of which, inter alia, was the realty she owned in fee.

Third. Was this trust, to again use the words of the statute, "intended to take effect in possession or enjoyment at or after her death"?

The agreement answers that question: "In further trust upon the death of said grantor to assign, transfer and convey unto Emma Wood Hays, wife of I. Minis Hays, her heirs, and assigns, absolutely and in fee, the corpus or principal held hereunder."

We are here dealing with the words "intended to take effect *in possession or enjoyment*," and this with reference to Miss Bradford's death. By the terms of the instrument Miss Bradford had the right "to occupy or use either or both of said properties for her own personal use" during her life, and in point of fact actually was herself, in the words of the statute, "in possession or enjoyment" thereof, and Mrs. Hays was during Miss Bradford's life never in possession or enjoyment of them, first, because the exclusive possession and enjoyment of them was in Miss Bradford during her life; and, secondly, because the deed intended and provided that, so far as Mrs. Hays' possession and enjoyment was concerned, it should not take effect until after the death of Miss Bradford. Taking into consideration the taxation statute and the agreement in reference to this realty, Miss Bradford irrevocably by a then delivered instrument divested her title and vested it in the trustees. She thereby vested an estate in remainder to Mrs. Hays, but postponed such estate in possession and enjoyment until after Miss Bradford's death. In other words, she was reserving to herself, or creating by the deed, the ordinary incidents of continued ownership, viz. exclusive possession and enjoyment of her real estate for herself and postponing the ordinary incidents of ownership, viz. possession and enjoyment, on the part of Mrs. Hays until after her own death. It was such a post mortem disposition of property "to take effect in possession and enjoyment at or after his death" the statute subjected to taxation.

It follows, therefore, the judgment below must be reversed.