WHITLOCK–ROSE v. McCAUGHN, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania.    October 30, 1926.)

No. 12384.

Internal revenue ☞8(9)—Whether power is "general," within statute relating to property passing under a general power of appointment, does not depend on manner of exercise, but on absence of limitations (Revenue Act 1921, § 402, subd. [e], being Comp. St. § 6336¾c).

In Revenue Act 1921, § 402, subd. (e), being Comp. St. § 6336¾c, and in similar provisions in other acts, providing that estates of decedents shall include "any property passing under a general power of appointment exercised by the decedent," the word "general" is not defined by the mode or manner of the exercise of the power, but by the absence of limitations of the power when exercised in the prescribed manner, and a power may be general, though it may be exercised only by will.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Power.]

At Law. Action by Elsie Whitlock-Rose executrix of Henry C. Whitlock, deceased, against Blakeley D. McCaughn, Collector of Internal Revenue. Judgment for defendant.

Shippen Lewis, of Philadelphia, Pa., for plaintiff.

G. W. Coles, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The question raised is solely one of the lawfulness of a tax exaction. If payment of the tax was unlawfully exacted, the plaintiff should have judgment; otherwise, judgment should go in favor of defendant. The general principles involved have been so frequently and so fully discussed that little, if anything, of value can be now contributed. The question is a narrow one in itself. It may be formulated as that of whether the power of appointment here in question is a general power within the meaning of the statute which imposes the tax.

Counsel for plaintiff plants himself upon the fact feature that this power was one which could be exercised by will only, and because thus restricted in the mode of its exercise was not a general power, and for the legal conclusion that the property which passed was not properly to be included in the admeasurement of the tax payable, he cites the case of Fidelity v. McCaughn (D. C.) 1 F. (2d) 987. Incidentally we understand this to be the case meant by both counsel for plaintiff and defendant, although cited by the plaintiff as reported in another volume of the Federal Reports and by defendant as "not yet reported." The stress of the argument for defendant is laid upon the proposition that by the use of the words "general power of appointment" Congress meant whatever the courts found to be a general power, and emphatically, as the will of the donor of the power here is a New Jersey will, the phrase has the meaning which the courts of New Jersey give to it.

We may premise the statement of the conclusion we have reached with one or two general observations. Speaking for our view, we have already expressed the opinion that the words of Congress are to be given that meaning which expresses the declared will of Congress with respect to how the tax is to be measured. In construing any legislative enactment, aid may be sought from the situation unaffected by the legislation; the need which was felt for a change, and the change sought to be effected. This is the time-honored phrase of "the old law; the mischief and the remedy." So far as this leads us to delve into the legislative mind, we have found that the motive for the adoption of the phrase in question was to bring about as nearly as it could be reached a uniformity throughout the United States in the admeasurement of the tax. If it was measured "by the estate passing," there was no such uniformity for the reason that what constituted the estate of a decedent received a different answer in different states. There was the additional motive of making property taxable, if in practical effect it formed part of the decedent's estate.

In choosing a phrase Congress encountered the difficulty which usually confronts those who introduce what are called reform measures. It is an easy thing to find a word or a phrase which will give the right concept of a general thought intended to be conveyed, but when we descend from the general and abstract to the concrete and particular, and seek to express a specific meaning which can be applied to a practical situation, the task is not easy of accomplishment. It has been au-

thoritatively ruled for this circuit that this statute was framed to meet the practical sit-. uation of the enjoyment of possession passing by succession at death whether what passed formed part of the estate of the decedent (as that phrase is interpreted in different jurisdictions) or not, if the practical effect and substantial result was the same as if that to the enjoyment of which the beneficiary succeeded, had formed a part in every sense of such estate. McCaughn v. Girard Trust (C. C. A.) 11 F.(2d) 520.

As before observed, enjoyment of possession in a real sense may pass in several ways by succession upon a death. It may so pass, because it was in what may be called the ownership of the decedent at the time of his death; it may pass through the operation of a power exercised by the will of a testator or an equivalent exercise of a like power or in practical effect it may pass, in the sense of the enjoyment of the succeeding beneficiary beginning immediately upon the death of a decedent, through the ending of a life estate or otherwise. A power, even one to be exercised by will only, it must be conceded, is property in a very real sense, although the argument to be drawn from this, which has been urged upon us, has, we think, been pressed too far. Powers are distinguished in many ways. There is, for illustration, a naked power and a power coupled with an interest. Again, there is frequently given a power as broad and general as it can be made, coupled with a provision that if it should not be exercised, the property with which the power is concerned takes a prescribed course of succession. In such case, the donee of the power may, again in a very real sense, dictate and control the course of succession in either of two ways. He can direct the succession through and by the affirmative exercise of the power or he can actually direct the succession by a refusal to exercise the power. The one mode of succession is really as much the creature of his volition as the other.

Congress has sought to give us as definite a measure of this tax as can be adopted. It is measured by the value of the estate of the decedent, to which is to be added the value of "any property passing under a general power of appointment exercised by the decedent by will or by deed," etc. In the instant case, to uphold this tax the power must be found to be a general one. As before stated, it is urged upon us by the plaintiff that the power is not a general one, because it is restricted in the mode of its exercise to the one method of a will. We have been referred to no case (except the one before mentioned and

next discussed) as so deciding. A number of authorities have been brought to the support of the contrary doctrine. Without going into these, it seems clear that the word "general" is not defined by the mode or manner of the exercise of the power, but by the absence of limitations of the power when exercised in the prescribed manner. If this were not so, the expression would in the cases of a large number of powers to which it has been applied be without any meaning, because in almost every instance of the creation of a power the mode of its exercise is restricted, as by a writing (will or deed) executed in the presence of a prescribed number of witnesses or otherwise. Nor could the phrase ever apply when the property was the subject of a spendthrift trust. Moreover, Congress was concerning itself only with what are in real effect testamentary exercises of such powers. It mentions only powers exercised by will or by deeds which are in reality of a testamentary nature. Had therefore Congress had in mind to exclude powers limited to testamentary exercise, it is difficult to believe that the language used would have been adopted.

We do not read the cited case of Fidelity v. McCaughn (D. C.) 1 F.(2d) 987, in such way as to sustain the position of the plaintiff. The language of an opinion must be read in the light of the fact situation to which it applies. A power which cannot be exercised by the donee in favor of a surviving spouse or his or her own children cannot be said to be in any real sense a general power. The language employed may not be clear, but reference was made to the fact that the power there could be exercised only by will, because such was the fact, but chiefly for the purpose of making emphatic the other fact that the donee could not have exercised the power in favor of her surviving husband or her own children. This was the feature which induced the ruling that the power was not a general one.

We are not unmindful, but have given due weight to the argument ably and forcibly urged upon us by counsel for the plaintiff that a power limited to its testamentary exercise is far from being the practical equivalent of that conferred by ownership. The answer we think is that Congress was viewing it from the standpoint of succession at death. When so viewed, whether considered as the privilege of directing the succession or the right of enjoying it, a testamentary power, otherwise than in the mode of its exercise, does not differ in practical results from that which flows from dominion.

In the instant case, the conclusion reached

is that the tax in question was lawfully levied, and as the point of law raised goes to the whole of the case for the plaintiff, judgment may be formally entered in favor of the defendant and against the plaintiff, with costs.