**VAUGHAN v. CLAUSON, Collector of Internal Revenue.**

**Civ. No. 133.**

District Court, D. Maine, S. D.

Feb. 14, 1944.

---

Earle W. Carr (of Gaston, Snow, Rice & Boyd), of Boston, Mass., and Philip G. Willard, of Portland, Me., for plaintiff.

John D. Clifford, Jr., U. S. Atty., and Edward J. Harrigan, Asst. U. S. Atty., both of Portland, Me., for defendant.

PETERS, District Judge.

This is a suit to recover, as an overpayment, the sum of $117,489.11 collected from the plaintiff, executrix of the will of Henry G. Vaughan, as a part of the federal estate tax assessed against her.

The facts are stipulated. The father of Henry G. Vaughan died in 1912, leaving certain property in trust with discretion in the trustees to accumulate the income or pay it to the son during his lifetime, with a power of appointment in the following language:

"The principal and income thereof shall be disposed of as my son Henry may by will appoint. But no portion whatsoever of the income or principal of said trust shall ever go or be paid directly or indirectly to the present wife of said Henry or any of her family or assigns whether by voluntary or involuntary assignment transfers or appointment or whether by any judgment or decree of any court in any way whatever and any appointment or assignment to said persons shall be void and of no effect."

The codicil containing the above provision was dated February 12, 1911. The testator died July 2, 1912. The wife above referred to obtained a divorce from Henry G. Vaughan on May 11, 1911, and died July 18, 1911. Mr. Vaughan subsequently married again and died November 21, 1938, leaving a will in which he appointed the property referred to to his second wife. At the time of his death, there were living an illegitimate child of his first wife, as well as two grandchildren, five first cousins, and other more distant relatives of hers.

The Commissioner determined that the property subject to the power of appointment should be included in the gross estate of Henry G. Vaughan for the purpose of federal estate tax, thereby increasing that tax by the amount sued for.

The question to be determined is whether the power held by Henry G. Vaughan under the will of his father was a general power of appointment within the meaning of Section 302(f) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 230, which reads as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, * * *."

Congress not having defined "a general power of appointment", those words must be considered as used with their commonly accepted meaning, which is that the power, to be general, must be unrestricted. If the donee of the power may appoint to anyone, including his own estate or his creditors, thus having as full dominion over the property as if he owned it, his power is general; otherwise not. It is not necessary to consider whether a power is special as distinguished from a general one, nor whether it comes in between those classifications, as it may. It is not covered by the wording of the statute unless it is general. The statute does not tax all powers except special powers. It taxes only general powers.

There are many cases which hold that powers are general under the federal estate tax law only where the possible appointees are unrestricted. It has been quite universally held that a limitation on eligible appointees renders a power non-general within the meaning of the law. Fidelity Trust Co. v. McCaughn, D.C., 1 F.2d 987; Whitlock-Rose v. McCaughn, D.C., 15 F.2d 591; Id., 3 Cir., 21 F.2d 164;

Farmers' Loan & Trust Co. v. Bowers, 2 Cir., 29 F.2d 14; *Fidelity Philadelphia Trust Co. v. McCaughn*, 3 Cir., 34 F.2d 600; Leser v. Burnet, 4 Cir., 46 F.2d 756; Helmholz v. Commissioner, 28 B.T.A. 165; Christine Smith Kendrick v. Commissioner, 34 B.T.A. 1040.

The elimination here by the testator of certain persons and groups of persons from the field of possible appointees was made before the law was passed and with no possible intention of avoiding payment of taxes. It was clearly made in good faith and on grounds apparently reasonable and was plainly sufficient to remove the donated power from the category of a general power, and must have that effect, unless it is now necessary to make a change in the previous and long accepted construction of the statute.

The defendant, while claiming that the subtraction from the field of possible appointees was not sufficiently substantial to remove the power from the category of a general one, maintains that, as the pertinent Treasury regulations now stand, and especially in view of the recent decision of the Supreme Court in the case of Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 426, 84 L.Ed. 585, 1035, the power of appointment given to Henry G. Vaughan must now be construed to be general because he could appoint to his estate or his creditors.

The regulation promulgated under the 1918 Act, provided that,

"Only property passing under a general power should be included. A general power is one to appoint to any person or persons, in the discretion of the donee. Where the donee is required to appoint a specified person or class of persons, the property should not be included in his gross estate."

In 1926 the word "ordinarily" at the beginning of the second sentence was added.

In 1937 the regulation was made to read,

"Only property passing under a general power should be included. Ordinarily a general power is one to appoint to any person or persons in the discretion of the donee of the power, or, however limited as to the person or persons in favor of the donee, his estate or his creditors."

■ The construction of the Act, to the effect that Congress was seeking by it to tax only powers of appointment which were without limitation as to potential appointees,—i.e. powers equivalent to ownership,—is supported by the wording of the regulations as they existed from 1918 to 1937. Throughout that period the regulations defined a general power as one to appoint to any person or persons in the discretion of the donee. With the regulation in that form the statutory provision remained unchanged, although there were complete reenactments of the Estate Tax Revenue Acts of 1921, 1924 and 1926, 42 Stat. 277 and 26 U.S.C.A. Int.Rev.Acts, pages 65 et seq., 224 et seq. This is strong evidence that the long-standing administrative construction interpreted "general power of appointment" in accordance with the intent of Congress.

■ The recent change in the regulations cannot, of course, in and of itself, have the effect of changing the law or the established construction of it, which is plainly in harmony with the purpose Congress had in mind as shown by the legislative history, and which has received the implied approval of Congress by the reenactment of the statute without change.

The defendant, however, maintains that the Supreme Court has settled the point at issue here by its opinion in the case of Morgan v. Commissioner, supra,—asserting that the Court thereby established a guide by which to determine whether a particular power falls on the taxable or nontaxable side of the line.

I disagree with this construction of that opinion. That Court laid down no rule or guide beyond the two points raised and decided, which were (1) whether the State law should control in determining whether a power was general within the meaning of the Act, and (2) whether a power otherwise general is taken out of that category by the fact that the full enjoyment of the property appointed was subject to some limitation after the appointment.

The Court did not rule that where the appointee may be the estate or the creditors of the donee the power must be called general. It did appear that the donee of the power in that case could have appointed her estate or her creditors, and the Court adverted to that fact as an element of a general power. But it also appeared, and the Court pointed out the fact, that the decedent could have appointed anyone to receive the trust property, including her estate and her creditors.

The Court spoke of the distinction usually made between a general and a special power, describing the former as where "the donee may appoint to anyone including his own estate or his creditors,

thus having as full dominion over the property as if he owned it"; and it went on to say, "The Treasury regulations have provided that a power is within the purview of the statute, if the donee may appoint to any person. With these regulations outstanding Congress has several times re-enacted Sec. 302(f), and has thus adopted the administrative construction. That construction is in accord with the opinion of several federal courts."

The Morgan case should be read on the basis of the facts involved and considered. The facts were not like the facts in the case at issue, nor, as I look at it, does the Morgan case decide anything beyond the two points involved.

Even if a power of appointment should be construed as general when it may be exercised either in favor of the donee's estate or his creditors, such a construction would not be decisive here because the right to appoint in any way was limited by the provisions of the will creating the power to the effect that a certain group of persons must be always excluded from enjoying, directly or indirectly, or by any possibility, any part of the property.

Whether or not the personal feeling of the donee of the power made it improbable that he would remember any of the excluded group in his will or include them among his creditors, but for the prohibition, is beside the point. The original testator made a definite discrimination among the possible final beneficiaries of his bounty, which he had a right to make, and it restricted the power of appointment he gave his son. The latter could not exercise it, even in favor of his estate or his creditors, except subject to the restraint accompanying it. He did not have a power of disposition as broad as that which arises out of ownership. He could not "appoint to anyone, including his own estate or his creditors". He could not act except in harmony with the exclusions made in his father's will. The excluded group included numerous persons living up to the time of his own death, some of whom had been close to him and some might well have been the object of his bounty.

I conclude that the power of appointment was not a general one within the meaning of the statute and that the property subject to it should not have been included in the gross estate.

Judgment should be for the plaintiff with costs.