**HENDERSON v. ROGAN.**

No. 11389.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1947.

Todd W. Johnson and Frank T. Horner, both of Los Angeles, Cal., for appellant.

Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch, Hilbert P. Zarky, and Newton Fox, Sp. Assts. to Atty. Gen., and James M. Carter, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, STEPHENS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

This suit involves a claim for refund of $210,356.51 federal estate tax and interest filed by the Executor of the Last Will and Testament of Mrs. Nellie Euretta Taylor and rejected by the United States Collector of Internal Revenue.

The material facts, as stipulated by the parties, were so found by the trial Court. The husband of decedent, George Wesley Taylor, executed a trust on February 6, 1931. By the terms of the trust it was provided that the entire net income should be paid in monthly or other convenient instalments to his wife, Nellie Euretta Taylor, and granted and reserved to her the absolute power of appointment and disposition of the principal and income of the trust estate after her decease, to be exercised not by will but only by the last unrevoked written instrument which exercised such power and on file with the trustee at the time of her death. The trust also provided that the power of appointment could be exercised from time to time and each exercise thereof similarly revoked.

On February 7, 1931, the day following the execution of the trust, Mrs. Taylor exercised the power of appointment, for the

first time, in favor of her husband. After her husband's death, and on April 7, 1932, she exercised the power of appointment by directing that upon her death the entire trust estate should become a part of her own estate and distributed in accordance with the terms of her last Will or to her heirs under the California succession statutes if she died intestate, reserving, however, the right to further exercise the power of appointment. This document, entitled "Exercise of Power of Appointment" was filed with the then trustee of said trust.

On December 31, 1935, Mrs. Taylor executed another document entitled: "Explication of Power of Appointment" in which she explained it was her intent and purpose that when the trustee delivered the said trust estate to her executor, after her death, no further or other action than such delivery was required or to be taken by the trustee.

On January 27, 1936 Mrs. Taylor died and her will, dated December 31, 1935, was admitted to probate. The assets of the trust were administered as part of the decedent's estate.

The issue in this case is whether the value of the property which was covered by the power of appointment is includible in this decedent's gross estate and subject to the estate tax under Section 302(f) of the Revenue Act of 1926, Ch. 27, 44 Stat. 9, as amended by Section 803(b) of the Revenue Act of 1932, Ch. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Code, § 811(f).[1]

The taxpayer contends that Section 302 (f) of the 1926 Act, prior to its amendment, contains the only operative provisions. The quoted portion of the statute appears in identical language, both before and after the 1932 amendment, and for the purposes of this case, it is considered the same. The trial Court held that the property in question is includible under

Section 811(f), clause (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(f) (2). This section is also the same as Section 302(f) of the 1926 Act.

The trial Court found that the appointment made by the decedent and bearing date the 7th day of April, 1932, was an exercise, and was the last exercise, of the power granted her by the Declaration of Trust and was the appointment pursuant to which title to the corpus and accumulated income of the trust passed to her probate estate on the 28th day of April, 1936; that at the time of its execution such appointment was intended by the decedent to take effect in possession and enjoyment after her death and that it was not executed in contemplation of death, in contemplation of impending death or in fear of imminent death.

The statutory requirements that must be met before the tax attaches under the above section are that the power of appointment must be general, that it be exercised, that it be exercised either by will or by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after death.

The appellant concedes that all of the requirements are met but contends that the decedent's exercise of the power of appointment on April 7, 1932 was effective on that date, so far as her act was concerned; the fact that the trustee was required to defer until her death the actual and physical transfer of the remainder of the trust to the changed remaindermen was a condition imposed by George W. Taylor and not by this decedent. In other words, that if there is an "intention" to "take effect after death" the intention was that of Mr. Taylor and not Mrs. Taylor; that Mrs. Taylor was given no choice in the matter except to designate the beneficiaries, and, therefore, that it was not "intended" by her that the appointment should take effect in possession or enjoyment at or after her death.

---

[1] Sec. 302: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect in possession or enjoyment at or after his death. * * *"

The cases cited by the appellant have, for the most part, reference to the "intent" disclosed by the execution of a trust and not the exercise of a power of appointment.

■ A power over property is defined as a liberty or authority reserved by or limited to, a person to dispose of real or personal property for his own benefit or for the benefit of others. 41 Am.Jur. § 2, 806.

Perhaps if the definite characteristics of the property interest covered by the trust created by Mr. Taylor and those covered by the exercise of the power of appointment can be ascertained, we may properly consider if the latter falls within the estate tax statute.

The pertinent paragraph of the instrument creating the trust and granting the power of appointment is as follows:

"The Trustor, George Wesley Taylor, has granted and reserved to the Beneficiary, Nellie Euretta Taylor, the absolute power of appointment and disposition of the principal and income of the trust estate after her decease, to be exercised not by Will, but only the last, unrevoked written instrument exercising such power and on file with the Trustee at the time of her death. Such power may be so exercised from time to time, and each exercise thereof may be similarly revoked. Failing such an appointment and disposition so on file at the time of her death making complete disposition of the trust estate, it or the part thereof not so disposed of shall be distributed to her heirs at law in accordance with the Statutes of Succession of the State of California then in force relating to Separate Estate."

The exercise of the power of appointment by the decedent is as follows:

"Exercise of Power of Appointment

"To the First National Bank of Beverly Hills,

"Trustee under your Trust No. 1059

"Dated February 6, 1931.

"Referring to Article III, on Page 2 of the above mentioned Declaration of Trust wherein there is specifically reserved to me the Power of Appointment and disposition over the whole or any part of the trust estate which at the time of my demise shall be subject to said trust, I hereby exercise my power of appointment as follows:

"I direct that Power of Appointment exercised by me under date of February 7, 1931 be revoked.

"I further direct that upon my death this entire trust estate shall become a part of my estate and be distributed according to the terms of my last Will and Testament, and/or to my heirs at law under the California Succession Statutes if I die intestate.

"The right to revoke the above appointment in whole or in part, at any time during my lifetime, is hereby reserved, together with all other rights in and to said trust estate at law or in equity.

"Beverly Hills, California, April 7, 1932.
(Signed)   Nellie Euretta Taylor,
Trustor
"James E. Henderson
"R. M. Fulton, Witnesses."

It was the apparent intention of the parties by the trust instrument, and the court found, that the "whole title, legal and equitable, in fee, to the trust estate" shall be "vested in the trustee as such title in the trustee is necessary for its due execution of this trust". The said instrument further provided that the beneficiaries took no estate or interest therein and their interests thereunder were personal property only, consisting of the right to enforce the due performance of the trust. It therefore follows that the title and possession of the corpus were exclusively and irrevocably in the trustee bank where it was placed by the declaration of trust, and Mrs. Taylor had no ownership or right of possession in said corpus.

Later, but before her death, Mrs. Taylor exercised the power of appointment granted to her, and required by the declaration of trust, to enable the trustee in possession of the corpus of the estate to deliver same to her estate. By her act, therefore, the corpus was finally passed on to her estate to be distributed in accordance with the terms of her last will and testament. If she had not exercised the power of appointment before her death, and by deed, the

corpus and remaining income would have gone to her estate to be distributed to her heirs under the California succession laws.

This "transfer" is clearly within the act. As said by the court in Helvering v. Grinnell, 294 U.S. 153, 155, 55 S.Ct. 354, 79 L.Ed. 825: "The crucial words are 'property passing under a general power of appointment exercised by the decedent by will'. Analysis of this clause discloses three distinct requisites: (1) The existence of a general power of appointment [admitted in this case]; (2) an exercise of that power by the decedent by will [admitted as having been exercised by deed]; and (3) the *passing* of the property in virtue of such exercise." (Emphasis supplied)

The facts of this case show that the executors of the Last Will and Testament of Mrs. Taylor received the corpus of the trust fund to be distributed by them in accordance with the terms of the Will. If the decedent had not exercised the power of appointment no property interest would have passed as willed by her. While it is true that because of the revocable provisions of the appointment, no vested interests could be created by an exercise of the power of appointment until the decedent died, the decedent could have neglected to take any action thus permitting the property to pass to her heirs-at-law under the terms of the trust. The decedent, however, did not wish this to happen and very obviously intended that the property should be distributed according to her will, and that the property should *pass* at the time and in the manner as she had directed.

█ It is generally conceded that a power of appointment, in and of itself, is not taxable. In Helvering v. Safe Deposit & Trust Co., 4 Cir., 121 F.2d 307, 309, the Court said:

"Unless, therefore, a general power of appointment with respect to the property is such an interest as subjects it to the provisions of Section 302(a), decedent had no interest which would subject it to the estate tax. We think it clear that a general power of appointment is not such an interest. The question was before the Supreme Court in United States v. Field, supra, 255 U.S. 257, 41 S.Ct. 256, 258, 65 L.Ed. 617, 18 A.L.R. 1461. That decision dealt with provisions of the Revenue Act of 1916, which did not include the provision which appears as 302(f) of the Act of 1926, taxing the estate with respect to property passing under a general power of appointment."

And at page 312 of 121 F.2d:

"From this brief resume of the history of section 302 and its subsections, it is clear that Congress has not regarded the general language of subsection (a) as extending to the limit of its powers to tax with respect to the succession of property, but, in the language of Judge Patterson in Davis v. United States, supra, has treated that subsection as dealing 'with property owned by a decedent and passing at death by will or intestacy' and *has added or amended other subsections to reach other property taxable under its power to tax the right of succession*. It is worthy of note too that no such interpretation has been placed upon the Act in the Treasury Regulations relating thereto; and no provision whatever is made for inclusion of property subject to an *unexercised* power of appointment. * * On the contrary, the courts have been at pains to consider whether property *passed under a general power or not so as to be taxable under section 302(f)*, a consideration which would have been absolutely unnecessary if the estate were taxable under 302(a) because of a mere existence of a general power whether exercised or not. Cf. Morgan v. Com'r, 309 U.S. 78 [626], 60 S.Ct. 424, 84 L.Ed. 585; Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825; and other cases cited." (Emphasis supplied)

We have been unable to find any case in support of appellant's contention that the provision of Section 302(f) of the Revenue Act of 1926, supra, "intended to take effect in possession or enjoyment at or after his death" contemplates the "intent" of the donor and not the donee of the power of appointment. The cases that have been brought to our attention have had for determination questions whether the power held by the *donee* under the will of the donor was a *general power* within the meaning of said section, whether such

power was *exercised* and whether property interest *passed* thereunder.

In Vaughan v. Clauson, Collector of Internal Revenue, D.C., 54 F.Supp. 8, 10, decided February 14, 1944, the facts were somewhat similar to this case. The father of Henry G. Vaughan left certain property in trust with discretion in the trustees to accumulate the income or pay it to the son during his lifetime, with power of appointment in the son to dispose of the principal and income as he might appoint by will, but no portion of it was to go to the then wife of the donee. The Commissioner determined that the property subject to the power of appointment should be included in the gross estate of Henry G. Vaughan for the purpose of federal estate tax. The question before the court was whether the power held by Henry G. Vaughan under the will of his father was a general power of appointment within the meaning of Section 302(f) of the Revenue Act of 1926, supra. The court said:

"The construction of the Act, to the effect that Congress was seeking by it to tax only powers of appointment which were without limitation as to potential appointees,—i.e. powers equivalent to ownership,— is supported by the wording of the regulations as they existed from 1918 to 1937. Throughout that period the regulations defined a general power as one to appoint to any person or persons *in the discretion of the donee*. With the regulation in that form the statutory provision remained unchanged, although there were complete re-enactments of the Estate Tax Revenue Acts of 1921, 1924 and 1926, 42 Stat. 277 and 26 U.S.C.A. Int.Rev.Acts, pages 65 et seq., 224 et seq. This is strong evidence that the long-standing administrative construction interpreted 'general power of appointment' in accordance with the intent of Congress." (Emphasis supplied)

The fact that in the case at bar the power was to be exercised by deed and not by will as in the above case, would, in our opinion, make no difference. It was the dominion over the property that is essential.

As said in the above case, Vaughan v. Clauson, affirmed 1 Cir., 147 F.2d 84, a power of appointment is "general" only if donee of power may appoint to any one, including his own estate or creditors, *thus having as full dominion over property as if he owned it*. In this case it was in the discretion of the donee to appoint whomever she wished and it was a natural result of the exercise of the power in favor of her estate that the same would take effect after her death.

The taxpayer has made no showing that the trial judge was unwarranted in finding as a fact that the decedent intended and was motivated by the desire that the transfers take effect at or after her death.

The record does disclose, however, that the decedent brought an action seeking reformation of the trust instrument, but that the provisions which she requested respecting her power of appointment were altogether consistent with the language of the original trust instrument and that in the "Explication of 'Power of Appointment,'" referred to above, she intended to, using the words of her attorney: "explain the fact that any objections that she had to the trustee that might be implied from her modification suit was [were] not in any way to apply or object or thwart her exercise of appointment in connection with this trust on April 7, 1932."

The circumstances of this case are covered by the statute in question with such precision that a mere comparison of the undisputed facts with the statutory language is sufficient to demonstrate that the property was subject to the estate tax because the power was exercised by deed and was intended to take effect in possession or enjoyment at or after the decedent's death, and as remarked by the Court in Helvering v. City Bank Co., 296 U.S. 85, 89, 56 S.Ct. 70, 72, 80 L.Ed. 62, "We are not at liberty to construe language so plain as to need no construction, or to refer to committee reports where there can be no doubt of the meaning of the words used."

The judgment of the trial Court is affirmed.