# MORGAN, EXECUTOR, *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 210. Argued January 4, 5, 1940.—Decided January 29, 1940.

*Mr. Brode B. Davis,* with whom *Mr. Arthur M. Kracke* was on the brief, for petitioner.

*Mr. Richard H. Demuth,* with whom *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Warren F. Wattles* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

We took this case because it raises an important question as to the construction of the Revenue Act of 1926, § 302 (f), amended by the Revenue Act of 1932, § 803 (b).[1]

The question is to what extent and in what sense the law of the decedent's domicile governs in determining whether a power of appointment exercised by him is a general power within the meaning of the statute.

The petitioner is the executor of Elizabeth S. Morgan who was the donee of two powers of appointment over property held in two trusts created by her father by will and by deed. The persons named are, or were, at death, citizens of Wisconsin. It is unnecessary to recite the terms of the trusts. Suffice it to say that under each, property remaining in the trustees' hands for Elizabeth S. Morgan was given at her death, to the appointee or appointees named in her will, with gifts over in case she failed to appoint. Under both trusts, if in the judgment

---

[1] 44 Stat. 9, 71, 47 Stat. 169, 279; 26 U. S. C. § 411.

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

.    .    .    .    .    .    .

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect in possession or enjoyment at or after his death, . . . except in case of a bona fide sale for an adequate and full consideration in money or money's worth; . . ."

of the trustees, property going to any beneficiary would be dissipated for any reason, or improvidently handled, the trustees were to withhold any part of such property; with directions for disposition, in such event, of what was withheld. The decedent appointed in favor of her husband.

The Commissioner ruled that the value of the appointed property should be included in the gross estate and determined a tax deficiency. The Board of Tax Appeals approved his action.[2] The Circuit Court of Appeals affirmed the Board's decision.[3]

Although, under the law of Wisconsin, the decedent could have appointed anyone to receive the trust property, including her estate and her creditors, the petitioner urges that, by statute and decision, Wisconsin has defined as special a power such as she held.[4] The respondent urges that this is not a correct interpretation of the state law. We find it unnecessary to resolve the issue, since we hold that the powers are general within the intent of the Revenue Act, notwithstanding they may be classified as special by the law of Wisconsin.

State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed. Our duty is to ascertain the.

---

[2] 36 B. T. A. 588.

[3] 103 F. 2d 636.

[4] "Sec. 232.05: *General Power.* A power is general when it authorizes the alienation in fee, by means of a conveyance, will, or charge of the lands embraced in the power, to any alienee whatever.

"232.06. *Special Power.* A power is special: (1) When the person or class of persons to whom the disposition of the lands under the power to be made are designated. (2) When the power authorizes the alienation by means of a conveyance, will, or charge of a particular estate or interest less than a fee."

See *Will of Zweifel,* 194 Wis. 428; 216 N. W. 840; *Cawker* v. *Dreutzer,* 197 Wis. 98; 221 N. W. 401.

meaning of the words used to specify the thing taxed. If it is found in a given case that an interest or right created by local law was the object intended to be taxed, the federal law must prevail no matter what name is given to the interest or right by state law.[5]

None of the revenue acts has defined the phrase "general power of appointment." The distinction usually made between a general and a special power lies in the circumstance that, under the former, the donee may appoint to anyone, including his own estate or his creditors, thus having as full dominion over the property as if he owned it; whereas, under the latter, the donee may appoint only amongst a restricted or designated class of persons other than himself.[6]

We should expect, therefore, that Congress had this distinction in mind when it used the adjective "general." The legislative history indicates that this is so.[7] The Treasury regulations have provided that a power is within the purview of the statute, if the donee may appoint to any person.[8]

With these regulations outstanding Congress has several times reënacted § 302 (f), and has thus adopted the administrative construction. That construction is in accord with the opinion of several federal courts.[9]

---

[5] *Burnet* v. *Harmel*, 287 U. S. 103, 110; *Bankers Coal Co.* v. *Burnet*, 287 U. S. 308, 310; *Palmer* v. *Bender*, 287 U. S. 551, 555; *Thomas* v. *Perkins*, 301 U. S. 655, 659; *Heiner* v. *Mellon*, 304 U. S. 271, 279; *Lyeth* v. *Hoey*, 305 U. S. 188, 193.

[6] Sugden on Powers (8th Ed.), p. 394; Farwell on Powers (2d Ed.), p. 7.

[7] House Rep. No. 767, 65th Cong., 2nd Sess., pp. 21–22.

[8] Regulations 63 (1922 Ed.), Art. 25; Regulations 68 (1924 Ed.), Art. 24; Regulations 70 (1926 and 1929 Eds.), Art. 24; Regulations 80 (1934 Ed.), Art. 24.

[9] *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 F. 2d 600; *Stratton* v. *United States*, 50 F. 2d 48; *Old Colony Trust Co.* v. *Commissioner*, 73 F. 2d 970; *Johnstone* v. *Commissioner*, 76 F. 2d 55.

The petitioner claims, however, that the decision below is in conflict with two by other Circuit Courts of Appeal.[10] The contention is based on certain phrases found in the opinions. We think it clear that, in both cases, the courts examined the local law to ascertain whether a power would be construed by the state court to permit the appointment of the donee, his estate or his creditors, and on the basis of the answer to that question determined whether the power was general within the intent of the federal act.

As the decedent in this case could have appointed to her estate, or to her creditors, we hold that she had a general power within the meaning of § 302 (f). This conclusion is not inconsistent with authorities on which the petitioner relies,[11] holding that, in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property or income sought to be reached by the statute.

The petitioner's second position is that, inasmuch as the trustees had an unfettered discretion to withhold principal or income from any beneficiary, they could exercise their discretion as respects any appointee of the decedent. This fact, they say, renders the power a special one. Assuming that the trustees could withhold the appointed property from an appointee, we think the power must still be held general. The quantum or character of the interest appointed, or the conditions imposed by the terms of the trust upon its enjoyment, do not render the powers in question special within the purport

[10] *Whitlock-Rose* v. *McCaughn*, 21 F. 2d 164; *Leser* v. *Burnet*, 46 F. 2d 756.

[11] *Poe* v. *Seaborn*, 282 U. S. 101; *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Lang* v. *Commissioner*, 304 U. S. 264.

of § 302 (f). The important consideration is the breadth of the control the decedent could exercise over the property, whatever the nature or extent of the appointee's interest.

The judgment is

*Affirmed.*