NOTARIES PUBLIC REQUIREMENTS
An Attorney General's opinion rendered March 11, 1930, dealing with the requirements of seals of notaries public remains a correct statement of the law. Since the statutes in question have been reenacted without amendment since the former opinion the Legislature is presumed to have concurred in such interpretation. Thus when a notary public resides in an incorporated town or city his seal should bear the name of such town or city, and if he does not reside in an incorporated town or city, the seal should bear the name of the county in which he resides. This refers to your letter wherein, in substance, you raised the following question: "Is it still the law that as set forth in an Attorney General's Opinion rendered on March 11, 1930: "1. If a notary public resides within the boundaries of an incorporated city or town his seal should contain the name of such city or town; and "2. If the notary resides outside the boundaries of an incorporated city or town the name of the county in which he resides." The statute most directly involved is 49 O.S. 5 [49-5] (1971), which states in part that: "Every notary shall provide a notarial seal containing his name and place of residence . . ." " P lace of residence" is not defined in the statutes; and the only other reference to a notary's residence is to be found in Section 2 of the same Title, which states that the notary shall file his commission, oath and a copy of his signature "in the office of the court clerk, . . . of the county in which (he) resides at the time he is commissioned, . . ." Section 5, which had its origin in the Revised Laws of 1910, has not been amended since the date of the former opinion to which referred, notwithstanding that during this period the Legislature has on a number of occasions, amended the provisions of other statutes dealing with notaries public. An examination of the authorities since the time of the earlier opinion of the Attorney General to which you referred, fails to disclose any pertinent judicial decisions or subsequent interpretations by this office. It is a well recognized rule that when a statute has been accorded a certain judicial or administrative interpretation and the cognizant legislative body subsequently leaves the statute unchanged, the Legislature is presumed to have concurred in the administrative interpretation, and the same is regarded as a correct statement of the law. (See e.g. Morgan v. Commissioner,309 U.S. 78, 84 L.Ed. 585, 60 S.Ct. 424 1940; United States v. American Trucking Assoc., 310 U.S. 634,84 L.Ed. 1345, 60 S.Ct. 1059 1940; Trosk v. Board of Elections,262 N.Y. 430, 187 N.E. 566 1933). The Supreme Court of Oklahoma has similarly stated (Peterson v. Oklahoma Tax Commission, 395 P.2d 388 Okl. 1964) that the long continued construction of the statute by a department of government charged with its execution is entitled to great weight; and with specific reference to opinions of the Attorney General it has been held that when the Legislature declines to amend a statute after the same has been construed by the Attorney General, such "may be regarded as acquiescence or approval of the interpretation placed upon the provisions by the Attorney General." Goble v. Mazie Dependent School District, 488 P.2d 156 (Okl. 1971). It is, therefore, the opinion of the Attorney General that your question should be answered in the affirmative. Specifically, in light of the absence of pertinent new or amended statutes, the former opinion of the Attorney General to which you referred, remains effective. Thus, if a notary public resides in an incorporated town or city, his seal should bear the name of the town or city in which he resides; if he resides outside the boundaries of an incorporated town or city, the seal should bear the name of the county in which he resides. (Frank Gregory)