RAYMOND J. and LOIS M. THEEP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Theep v. Commissioner
Docket No. 3746-74.
United States Tax Court
T.C. Memo 1980-80; 1980 Tax Ct. Memo LEXIS 507; 39 T.C.M. (CCH) 1259; T.C.M. (RIA) 80080; March 19, 1980, Filed Raymond J. Theep, pro se. Joyce Elaine Britt, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' income tax for 1970 of $1,927.00 and an addition to tax under section 6653(a) [1] of $96.00. Concessions having been made, the sole issue remaining is the deductibility of petitioner Lois M. Theep's automobile expenses incurred in driving between her home and her job with the State of California. *508 Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and resided in Sacramento, Calif., at the time the petition was filed herein. They resided in Wilton, Calif., at the time the amended petition was filed. Their joint income tax return for 1970 was filed with the Internal Revenue Service in Fresno, Calif.
During the taxable year 1970, petitioner Lois Theep was employed full-time by the State of California as a landscape technician. Her only activities at home were the normal activities of a housewife. She engaged in no direct income-producing activity at home. Petitioners contend that since California is a community property state, thereby entitling a wife to half of her husband's earnings, Lois Theep's role as a housewife constituted her primary occupation and that, consequently, her primary place of employment was in her home. They argue, therefore, that her automobile expenses incurred in traveling between her home and her job with the State of California are deductible as a business expense under section 162(a) because she was traveling between two places of employment. Petitioners rely on several California cases, *509 asserting that they indicate that a wife's role as a housewife is an occupation which should be taken into account in determining her share of community property. We find these cases irrelevant to the issue before us. While state law may well be determinative of property rights, the Federal income tax consequences flowing therefrom are determined by Federal law. Morgan v. Commissioner,309 U.S. 78 (1940); Kean v. Commissioner,469 F.2d 1183, 1186 (9th Cir. 1972), affg. on the issue involved herein 51 T.C. 337 (1968); Goldstein v. Commissioner,298 F.2d 562, 566 (9th Cir. 1962); Kizer v. Commissioner,13 B.T.A. 395, 397 (1928). Granted that there was a continuity and regularity of Lois Theep's activities as a housewife, we cannot believe that any profit motive was involved in those activities. In taking the marriage vows, one promises to "love, honor, comfort and cherish," but those vows contain no promise to "work," much less to work "for profit." The simple fact of the matter, therefore, is that she was not engaged in a trade or business as that phrase is used in section 162(a). [2]Flint v. Stone Tracy Co.,220 U.S. 107, 171 (1911); *510 Hirsch v. Commissioner,315 F.2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. Compare Gentile v. Commissioner,65 T.C. 1 (1975). In Kizer v. Commissioner,supra, the taxpayer paid damages as a result of an automobile accident while she was traveling to purchase household supplies for herself and her husband. The Board of Tax Appeals denied a deduction for the payment, rejecting the argument that, because the taxpayer was entitled to half of her husband's earnings as community income, any duty which she discharged as a member of the community constituted a "trade or business." We find petitioner's attempt to distinguish this case unpersuasive. We agree with the reasoning of Kizer and find that case controlling herein. In sum, Lois Theep's expenses were merely for commuting, nondeductible as personal *511 expenses under section 262. Fausner v. Commissioner,413 U.S. 838, 839 (1973). To reflect the concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue.↩
2. Moreover, as we understand California law, she became entitled to her share of the community property (including her husband's salary) because they were married. Calif. Civ. Code sec. 5110↩ (West).Her actual contribution to the marital community does not affect her share.