Harrold J. McComas, Foley & Lardner, Milwaukee, Wis., for plaintiff.

Thomas D. Sykes, Dept. of Justice, Tax Div., Madison, Wis., for defendant.

**Patrick SHEEDY, as personal representative of the Estate of Min Lila Zelonky, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 87–C–0243.**

United States District Court, E.D. Wisconsin.

Aug. 19, 1988.

### ORDER

REYNOLDS, Senior District Judge.

Plaintiff, as personal representative of the Estate of Min Lila Zelonky, filed the above-entitled action requesting a refund of United States estate taxes collected by the Internal Revenue Service ("IRS") plus interest, costs and disbursements. The parties have reached a settlement on most of the claims involved and only one issue remains for resolution, namely whether a Family Trust created under Mrs. Zelonky's late husband's will was properly included in Mrs. Zelonky's gross estate for United States estate tax purposes. The parties have filed cross-motions for summary judgment on this remaining issue. The plaintiff argues that Mrs. Zelonky did not have a general power of appointment over the Family Trust and, therefore, the trust is excluded from Mrs. Zelonky's gross estate for United States estate tax purposes. The defendant argues that Mrs. Zelonky did have a general power of appointment over the Family Trust and, thus, the trust was properly included in Mrs. Zelonky's gross estate. The court has considered the parties' positions and will grant plaintiff's motion for summary judgment finding that the Family Trust was improperly included in Mrs. Zelonky's gross estate.

The facts relevant to the disposition of this motion are undisputed. At the time of her death in August, 1982, Min Lila Zel-

onky was the sole trustee and a beneficiary of a Family Trust created by the will of her husband, Mr. Alvin Zelonky. Mr. Zelonky's will was executed in 1978 and he died in January, 1979.

Article IV of Mr. Zelonky's will provided that the trustee of the Family Trust:

> [M]ay from time to time distribute to my wife such part of the principal of the Family Trust as the Trustee in its sole discretion shall deem advisable for her care, maintenance, welfare or to enable her to maintain the standard of living to which she was accustomed prior to my death; provided however, that in making any distribution to or for the benefit of my wife, the Trustee shall first consider her other resources known to it and shall first exhaust the principal of the marital trust to the extent practical....

The Family Trust also provides that Mr. Zelonky's daughter receive $1,800.00 of the trust principal per month for the lifetime of Mrs. Zelonky and that, upon the death of Mrs. Zelonky, the assets of the trust pass to or for the benefit of Mr. Zelonky's descendants.

Mrs. Zelonky received distributions of income from the Family Trust, pursuant to Article IV of Mr. Zelonky's will. The parties also agree that Mrs. Zelonky, as trustee, made some withdrawals of principal for herself from the Family Trust. The parties dispute how much principal was withdrawn, however; the court does not believe that the amount of principal withdrawn is relevant to the disposition of this motion.

Plaintiff argues that, under § 2041(a) of the Internal Revenue Code, Mrs. Zelonky, as trustee of the Family Trust, would only have a general power of appointment if she had a power exercisable in her favor. Plaintiff states that this determination is made by looking to state property law. Plaintiff argues that Wis.Stats. § 701.19(10) provides that the power conferred upon Mrs. Zelonky in her capacity as trustee to make discretionary distributions of principal to herself is not exercisable by her. Plaintiff concludes that Wis.Stats. § 701.19(10) makes it clear that Mrs. Zelonky did not have a power exercisable in her favor and, therefore, Mrs. Zelonky did not have a general power of appointment and the Family Trust should not have been included in her gross estate.

Defendant argues that the application of Wis.Stats. § 701.19(10) has been negated in two ways: 1) Mr. Zelonky's will, by naming Mrs. Zelonky as sole trustee, demonstrates an intent to negate the application of § 701.19(10), and 2) Mrs. Zelonky's actual distribution of principal to herself negates the application of § 701.19(10). Concluding that Mrs. Zelonky, as trustee of the Family Trust, had a power exercisable in her favor, defendant argues that this power is a general power of appointment because the power lacked a sufficient ascertainable standard governing its exercise. Therefore, defendant concludes that the Family Trust was properly included in Mrs. Zelonky's gross estate.

Plaintiff replies that the defendant incorrectly concluded that the application of § 701.19(10) was somehow negated. Plaintiff contends that Mr. Zelonky's will did not negate the application of § 701.19(10). Plaintiff argues that if appointing Mrs. Zelonky as sole trustee of the Family and Marital trusts negates the application of § 701.19(10), then the exception swallows the rule. Plaintiff also argues that Mrs. Zelonky's actual distribution of principal to herself does not negate the application of § 701.19(10) because only Mr. Zelonky could negate § 701.19(10)'s application. Plaintiff states that Mrs. Zelonky's distribution of principal to herself violated § 701.19(10) and was beyond her authority as trustee. Plaintiff asserts that the distribution was subject to redress by the remaindermen beneficiaries and does not suspend the application of Wisconsin law.

The parties agree that if Mrs. Zelonky had a general power of appointment as trustee for the Family Trust created by Mr. Zelonky's will, then the Family Trust was properly included in Mrs. Zelonky's gross estate. Section 2041(b) of the Internal Revenue Code defines a general power of appointment and provides in pertinent part as follows:

(1) GENERAL POWER OF APPOINTMENT.—The term "general power of appointment" means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate; except that—

    (A) A power to consume, invade, or appropriate property for the benefit of the decedent which is limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent shall not be deemed to be a general power of appointment.

26 U.S.C. § 2041(b). Therefore, this court must first determine whether Mrs. Zelonky had a power which was exercisable in favor of herself, her estate, or the creditors of her estate. If the court finds that Mrs. Zelonky had such a power, the court must determine whether this power was limited by an ascertainable standard. Since this court concludes that Mrs. Zelonky did not have a power exercisable in favor of herself, no further analysis is necessary.

Plaintiff contends, and defendant does not dispute, that state law determines whether Mrs. Zelonky, as trustee of the Family Trust, had a power exercisable in favor of herself. *See Morgan v. Commissioner*, 309 U.S. 78, 80–82, 60 S.Ct. 424, 425–26, 84 L.Ed. 1035 (1940) (state law determines the nature of the legal interest the taxpayer had in the property or income sought). If Mrs. Zelonky did not have a power exercisable in favor of herself, she did not have a general power of appointment. Plaintiff claims that Wis.Stats. § 701.19(10) prohibits Mrs. Zelonky from exercising any power in her capacity as trustee in favor of herself.

It appears that Wis.Stats. § 701.19(10) does in fact prohibit Mrs. Zelonky from making discretionary distributions of principal to herself. Wis.Stats. § 701.19(10) provides in pertinent part:

RESTRICTION ON EXERCISE OF POWERS. Unless the creating instrument negates the application of this subsection, a power conferred upon a person in his capacity as trustee to make discretionary distributions of principal ... to

himself ... cannot be exercised by him. If the power is conferred on two or more trustees, it may be exercised by the trustees who are not disqualified. If there is no trustee qualified to exercise the power, it may be exercised by a special trustee appointed by the court. This subsection shall not apply to living trusts created prior to July 1, 1971, or to testamentary trusts contained in wills executed or republished prior to that date.

Thus, unless the application of Wis.Stats. § 701.19(10) has been somehow negated, Mrs. Zelonky did not have a general power of appointment and the Family Trust was improperly included in her gross estate.

Since Mr. Zelonky's will was executed after July 1, 1971, the only way to negate the application of § 701.19(10) is if the creating instrument, Mr. Zelonky's will, negates the statute's application. Neither party has cited any case law addressing negation of § 701.19(10), nor has this court found any law on the issue.

Defendant argues that Mr. Zelonky's will, by naming Mrs. Zelonky as sole trustee implicitly negates the application of § 701.19(10). Plaintiff argues that the negation of § 701.19(10) must be more explicit than just naming Mrs. Zelonky as sole trustee. This court finds the plaintiff's reasoning to be persuasive. If the defendant's position is adopted, § 701.19(10) will never apply because, to apply, § 701.19(10) requires the presence of the facts which supposedly negate its application, namely a trustee with a power exercisable in favor of himself. The conferral of power triggers the application of § 701.19(10), therefore, more evidence is required to negate its application.

Defendant also argues that Mrs. Zelonky's exercise of the power in favor of herself negates the application of § 701.19(10). Section 701.19(10) makes it clear that only the creating instrument, Mr. Zelonky's will, can negate the statute's application. Mrs. Zelonky's actions violate § 701.19(10), but they do not negate the statute's application.

The Family Trust was properly included and taxed in Mr. Zelonky's gross estate.

However, the Family Trust was improperly included and taxed in Mrs. Zelonky's gross estate. Mrs. Zelonky, as trustee of the Family Trust, did not have a general power of appointment because Wis.Stats. § 701.19(10) prohibits her from exercising any power in favor of herself.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.