ESTATE OF KENNETH L. ALLEN, SR., DECEASED, ONITA BELLE HUFSTEDLER ALLEN, INDEPENDENT EXECUTRIX, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Allen v. Commissioner
Docket No. 26633-89
United States Tax Court
T.C. Memo 1990-514; 1990 Tax Ct. Memo LEXIS 567; 60 T.C.M. (CCH) 904; T.C.M. (RIA) 90514; September 26, 1990, Filed *567 Decision will be entered under Rules 155. John W. Michener, Jr., for the petitioner. Shelley D. Turner, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION Respondent determined a deficiency of $ 4,988.50 in petitioner's Federal estate tax. After concessions, the only issue remaining for decision is whether the transfer of decedent's community property interest in his personal residence qualifies for the marital deduction under section 2056. [1]
The facts are fully stipulated. The stipulations of fact and accompanying exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Petitioner is the Estate of Kenneth L. Allen, Sr. At the time of his death, Mr. Allen was a resident of Hurst, Texas. Onita *570 Belle Allen (Mrs. Allen) is the independent executrix of the Estate of Kenneth L. Allen, Sr., and Mr. Allen's surviving spouse. She was a resident of Hurst, Texas, when the petition was filed in this case. Kenneth L. Allen, Sr., died testate on February 25, 1986. His Last Will and Testament (the Will) was filed on April 23, 1986, with the Clerk of the Probate Court for Tarrant County, Texas. On May 5, 1986, his Will was admitted to probate. The Will provides, in relevant part, as follows: II. SPECIAL BEQUESTS
A. If my wife survives me, I give, devise, and bequeath to my wife, in fee simple, all my household goods, personal effects and the personal automobile of her choice. B. If my wife survives me, I give, devise, and bequeath the personal residence in which my wife and I reside at my death, unto my wife, for and during the term of her life. I direct that my wife shall pay all charges incident to maintaining said property including, without limitation, all assessments, insurance premiums, taxes and ordinary repairs. C. I give, devise and bequeath to my children an amount of property of my taxable estate equivalent (in terms of Federal estate tax computed as *571 if such property were the only property subject to the tentative tax rates of Section 2001(c) of the Internal Revenue Code of 1954) to the credit allowable to my estate by Section 2010 of the Internal Revenue Code of 1954. D. MARITAL DEDUCTION BEQUEST I give, devise and bequeath to my wife, in fee simple, the Deduction ascertained and set aside by my Executor for the benefit of my wife under Provision III. of this Will. E. I give, devise and bequeath all of the rest, residue and remainder of my property of whatsoever kind and character, and wheresoever situated, unto my children, in equal shares, share and share alike, in fee simple. III. MARITAL DEDUCTION
If my wife survives me, my Executor shall, to the extent available after Provision II. C. of this Will, ascertain and set aside for the benefit of my wife an amount (hereafter referred to as the "Deduction") equal to one-half of my adjusted gross estate as defined in determining the federal estate tax payable by reason of my death under the United States Internal Revenue Code of 1954 as now existing or hereafter amended, and all valid regulations now or hereafter *572 promulgated thereunder, less the value of all other property and interests included in my gross estate for federal estate tax purposes and which pass or have passed from me to my wife either under any other provisions of this Will or in any manner outside of this Will in such manner as to qualify for a marital deduction. The Deduction is expressly subject to the following terms, conditions or limitations, to-wit: A. Notwithstanding anything in this Will to the contrary, I direct that in satisfying the Deduction there shall not be allocated thereto any property or proceeds of any property which would not qualify for the marital deduction allowed in determining the federal estate tax on my estate. B. My Executor is authorized to satisfy the Deduction in money or in kind or partly in money and partly in kind; and if wholly or partly in kind, my Executor is authorized to select and allot to the satisfaction of the Deduction the specific asset or assets so selected. C. To the extent that other qualifying assets are available, the Deduction shall not be satisfied by the following, to-wit: (1) Assets with respect to which a credit for foreign taxes paid is available under the Internal *573 Revenue Code; or (2) Assets which may be subject to both income and estate taxes and which may be eligible for a credit or deduction. * * * E. The assets selected by my Executor for the Deduction shall, in the aggregate, be fairly representative of all appreciation and depreciation in the value of all property which may occur while such property is held in my estate, and such property shall carry with it (as income and not as principal) its proportionate share of all net income received during the administration of my estate. * * * G. If my wife does not survive me, the Deduction shall lapse, and such portion of my property shall be considered as a part of the rest, residue and remainder of my estate to pass and be disposed of according to the ensuing terms and provisions of this Will. After reduction for Mrs. Allen's community property share, Mr. Allen's estate consisted of the following items : Personal Residence
$  39,000.00
Other real estate
250,800.00
Mortgages, notes and Cash
271,882.89
Life Insurance
10,000.00
Personal and household effects
3,286.00
Automobile
3,087.50
Farm buildings, machinery, and equipment
21,232.57
Gross estate
$ 599,288.96
Funeral and administrative expenses
18,482.18
Distributable estate
$ 580,806.78
*574 The cash balance above includes a certificate of deposit that Mr. Allen held in trust for Mrs. Allen. In addition to her community property share, $ 50,950 passed outside of the Will. Mrs. Allen was the named beneficiary of the life insurance policy so that the $ 10,000 life insurance proceeds also passed outside of the Will. On page 2 of the United States Estate Tax Return (Form 706) is the following: YES
NO
4. Do you elect to claim a marital deduction
for qualified terminable interest property
(QTIP) under section 2056(b)(7)?
XX
On page 14 of Schedule M of the Form 706 is the following: YES
NO
1. Did any property pass to the surviving spouse
as a result of a qualified disclaimer?
XX
On November 24, 1986, the beneficiaries under the Will entered into a family agreement regarding distribution of the estate property. Under the family agreement Mrs. Allen received a fee simple title to the personal residence and other assets of the estate not specifically transferred to their children. In consideration of these transfers she relinquished her community property share of the assets specifically named in the agreement *575 so that her children could receive title in fee simple. The estate claimed a marital deduction for the following items which passed to Mrs. Allen: Personal residence
$ 39,000.00
Personal and household effects
3,286.00
Automobile
3,087.50
Life Insurance
5,000.00
Farm buildings machinery & equipment
21,232.57
Income tax refund
13,473.00
Marital deduction
$ 85,079.07
Respondent has allowed a marital deduction for the personal and household effects, and automobile which passed under the Will. He also allowed a marital deduction for the $ 10,000 life insurance proceeds and the $ 50,950 certificate of deposit which passed outside the Will. The total marital deduction allowed by respondent was $ 67,324.40. It is axiomatic that State law creates property interests and Federal law dictates the incidents of taxation on those property rights. Morgan v. Commissioner, 309 U.S. 78, 80 (1940). In resolving the dispute in this case, it is first necessary to determine what interest in the personal residence was transferred. Only then may the tax consequences *576 be determined. The plain language and unambiguous terms of Article II of the Will provide a formula for the intended distribution of Mr. Allen's estate. Those provisions show that Mr. Allen intended to bequeath his household goods, personal effects, and the automobile of Mrs. Allen's choice to Mrs. Allen. He also intended to devise to Mrs. Allen a life estate in their personal residence. Then, after a bequest and devise of sufficient property to absorb the unified tax credit, the formula provides for the bequest and devise of property to the extent of the maximum marital deduction allowable. Any excess estate property over the amount which would absorb the maximum unified tax credit and maximum marital deduction would fall in the residuary clause and pass to the Allen's children. Applying the formula to the assets contained in the estate after taking into consideration the items passing outside of the Will, the bequest of his household goods, personal effects, and automobile, and the devise of the life estate in the personal residence, the estate was left with insufficient assets to absorb the maximum unified tax credit. [2] Based on our interpretation of the Will, we conclude *577 that Mr. Allen transferred a life estate in the personal residence to Mrs. Allen. In general, section 2056(a) allows a marital deduction for the (1) transfer of a "deductible" interest in property; (2) the value of which was included in the value of the gross estate; and (3) which passes from a decedent to the surviving spouse. Section 2056(b) describes various interests in property that are not "deductible" interests and provides an election available to qualify otherwise nondeductible interests for the marital deduction. A life estate is a nondeductible interest. Sec. 2056(b)(1); Estate of Kyle v. Commissioner, 94 T.C. (June 11, 1990); Estate of Nicholson v. Commissioner, 94 T.C. 666 (1990). An election *578 to qualify the devise of the life estate in the personal residence was not made on the Federal estate tax return. Because a life estate is a nondeductible interest and petitioner failed to make the qualifying election, the transfer of the life estate in the residence does not qualify for the marital deduction. Petitioner focuses on Article III of the Will which provides that, after satisfying a bequest to the children in an amount equivalent to absorb the unified tax credit, Mrs. Allen is entitled to receive one-half of the adjusted gross estate. Based upon the terms of Article III, paragraph A., petitioner argues the testator's intention was that no property would pass to his surviving spouse unless it qualifies for the marital deduction. It is contended that it was further the testator's intention to minimize estate taxes, and, in order to give effect to his intentions, only property which satisfies the marital deduction may pass to Mrs. Allen. Thus, petitioner argues that no estate tax is possible when the Will is given a literal construction. In making this argument petitioner erases the first two paragraphs under Article II from the Will. We disagree with petitioner that *579 it is necessary to ignore these paragraphs to give effect to the testator's intentions. Under Texas law a specific bequest is one comprised of specific articles of the testator's estate distinguished from all others of the same kind. Opperman v. Anderson, 782 S.W. 2d 8, 9 (Tex.App. 1989); Houston Land & Trust Co. v. Campbell, 105 S.W. 2d 430, 433 (Tex.Civ.App. 1937). The devise of the life estate is, in our opinion, a specific bequest which takes priority in the distribution of estate property. Moreover, we view the terms of Article III, upon which petitioner relies, as being incorporated into and restricting property that devolves under the marital deduction provision, Article II, paragraph D, of the Will. Petitioner interprets section II. B. of the Will, which expressly grants a life estate in the residence to Mrs. Allen, as being the minimum Mr. Allen intended to pass to his wife. Using the discretionary powers granted in paragraph III. B., petitioner argues that the testator's intentions were carried out by executing fee simple title to the residence *580 to Mrs. Allen thus qualifying the transfer for the marital deduction. Petitioner's argument is that all property passing to Mrs. Allen qualifies for the marital deduction because of the executrix's exercise of discretionary powers conferred by the Will. In general, section 2056(c) describes when "property passes from the decedent to any person". Specifically, section 2056(c)(1) provides that "an interest in property shall be considered as passing from the decedent to any person if and only if -- (1) such interest is bequeathed or devised to such person by the decedent." The remainder interest in the personal residence passed to the Allen children under the terms of the Will. Under the terms of the family agreement, Mrs. Allen did receive fee simple title to the residence. However, fee simple title to the personal residence passed under the terms of the family agreement, not pursuant to the Will. Title, therefore, did not "pass from the decedent" within the meaning of section 2056(c) and for purposes of 2056(a). Petitioner argues that the family members entered into an agreement regarding *581 the distribution of property, in lieu of taking under the Will, because of family disagreements. Under section 20.2056(e)-2(d)(2), Estate Tax Regs., "If as a result of a controversy involving the decedent's will, or involving any bequest or devise thereunder, a property interest is assigned or surrendered to the surviving spouse, the interest so acquired will be regarded as having 'passed from the decedent to his surviving spouse' only if the assignment or surrender was a bona fide recognition of enforceable rights of the surviving spouse in the decedent's estate." We cannot accept the factual premise upon which petitioner bases this argument. There are arguments contained in petitioner's opening brief which conflict with those in the reply brief. In short, petitioner has simply failed to introduce any persuasive evidence of a family conflict. Petitioner's final argument is that "respondent, in an attempt to elevate form over substance, is ignoring the broad powers recipients of property have to disclaim property transfers." In essence, it is contended that the family agreement operates *582 as a disclaimer of the remainder interest. Section 25.2518-2(d)(1), Gift Tax Regs., provides that "the acceptance of any consideration in return for making the disclaimer is an acceptance of the benefits of the entire interest disclaimed." Acceptance of benefits of the property disclaimed prevents a purported disclaimer from being a qualified disclaimer within the meaning of section 2518. The family agreement does not operate as a disclaimer by the children of the remainder interest in the personal residence because of the mutual consideration given and received by the parties to the agreement. We also note that, if made, no copy of a qualified disclaimer in accordance with section 2518 was submitted into evidence. Moreover, the Schedule M incorporated into the Federal estate tax return begins with the question, "Did any property pass to the surviving spouse as a result of a qualified disclaimer?" The answer to this question is marked "no". Even though the Allen children had the option to disclaim their remainder interest in the residence, we find that they did not do so. To reflect *583 our conclusion on the disputed issue and the concessions of the parties on other issues, Decision will be entered under Rules 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect on the date of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Based on Mrs. Allen's age, the agreed value of the residence and the tables provided in section 20.2031-7(f), Estate Tax Regs., the value of the life estate passing to Mrs. Allen is $ 26,508.30.↩