T.C. Memo. 2001-206

UNITED STATES TAX COURT

ESTATE OF MARY CATHERINE IX GAYNOR, DECEASED, PAUL GAYNOR,
ADMINISTRATOR d.b.n.c.t.a., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1640-00.                              Filed August 6, 2001.

Patrick J. Corcoran, for petitioner.

Michael P. Breton, for respondent.


MEMORANDUM OPINION

SWIFT, Judge: Respondent determined a deficiency of
$600,513 in petitioner's Federal estate tax.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect as of the date of decedent's

death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement of some issues, the issue remaining for decision is whether predeath transfers of decedent's property with a value of $144,400 and made for no consideration were revocable under Connecticut law and includable in decedent's gross estate under section 2038(a)(1).

## Background

This case was submitted fully stipulated under Rule 122.

On June 1, 1996, Mary Catherine IX Gaynor, decedent, died a resident of Branford, Connecticut.

On October 7, 1986, approximately 10 years prior to decedent's death, decedent executed a general power of attorney (POA) under the Connecticut Statutory Short Form Power of Attorney Act (the Act), Conn. Gen. Stat. Ann. secs. 1-42 to 1-56 (West 2000).  In the POA, decedent appointed an attorney and decedent's son, Gerald Gaynor, as attorneys-in-fact to act in decedent's stead.

The POA consisted of a standard form POA under Connecticut law and explicitly authorized decedent's attorneys-in-fact to act in decedent's stead with respect to decedent's ownership interests in real estate, chattels and goods, stocks and bonds, banking, insurance, claims and litigation, personal relationships

and affairs, military pensions, records, reports and statements, and "all other matters".

The POA did not explicitly authorize decedent's attorneys-in-fact to make gifts of decedent's property.

Under the Act, attorneys-in-fact are not explicitly authorized to make, or prohibited from making, gifts of a principal's property.

Section 1-55 of the Act provides that the words "all other matters" in a POA indicate that the principal authorized "the agent to act as an alter ego of the principal with respect to any matters and affairs not enumerated in sections 1-44 to 1-54a, inclusive, and which the principal can do through an agent."

In 1995 and 1996, decedent's attorneys-in-fact made for no consideration transfers of decedent's property with a value of $144,400. The evidence does not indicate to whom the transfers were made.

As stated, on June 1, 1996, decedent died.

On February 28, 1997, decedent's Federal estate tax return was filed by the administrator of the estate, a resident of Connecticut. On the return, the $144,400 value of the transferred property was not included in decedent's gross estate.

Respondent determined that the above transfers of decedent's property constituted revocable transfers under Connecticut law

and that the $144,400 value of the property should be included in decedent's gross estate.

## Discussion

For Federal estate tax purposes, all interests in property that a decedent possesses at the time of death are includable in the gross estate. Sec. 2033; Estate of Jalkut v. Commissioner, 96 T.C. 675, 678 (1991).

Also, the value of property transferred by a decedent prior to death without consideration and with respect to which a decedent retains a power to revoke the transfer is includable in the decedent's gross estate. Sec. 2038(a)(1); Estate of Swanson v. United States, 46 Fed. Cl. 388, 391 (2000).

The legal effect of gifts of property made under a POA is controlled by State law. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Estate of Swanson v. United States, supra. In the absence of a decision or interpretation of State law by a State's highest court, we look to lower State court rulings and holdings. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).

The Supreme Court of Connecticut has not addressed whether attorneys-in-fact are authorized under the Act to make gifts of their principal's property without express language in the POA authorizing gifts to be made. This issue, however, has been involved in three opinions of the Connecticut Superior Court, Judicial District of Hartford-New Britain.

In <u>Wosczyna v. Estate of Antone</u>, 1994 WL 411298, at *2 (Conn. Super. Ct. July 26, 1994), in a declaratory judgment action to quiet title to an interest in real property (on motion for summary judgment to void a transfer made for no consideration by an attorney-in-fact), the court quoted the following language of the Act:

> "In a statutory short form power of attorney, the language conferring general authority with respect to real estate transactions shall be construed to mean that the principal authorizes the agent: * * * (2) to sell, to exchange, to convey either with or without covenants, to quit claim, * * * or otherwise to dispose of, any estate or interest in land * * *"

With no further analysis, the Connecticut Superior Court summarily concluded that attorneys-in fact in Connecticut were not prohibited from making gifts of their principal's property and denied the motion for summary judgment. <u>Id.</u> at *3.

In <u>Estate of Antone v. Staphos</u>, 1994 WL 669694, at *2 (Conn. Super. Ct. Nov. 17, 1994), a subsequent case involving the same underlying facts as those involved in <u>Wosczyna</u>, the Connecticut Superior Court acknowledged that the Act might be interpreted to authorize attorneys-in-fact to make gifts of their principal's property. Upon further consideration, however, the Connecticut Superior Court specifically concluded that, absent express language in a POA to the contrary, the Act does not authorize

attorneys-in-fact to make gifts of their principal's property. Id. at *3.

The Connecticut Superior Court noted that most courts that have considered this issue have concluded that under general POAs attorneys-in-fact do not have the authority to make gifts of their principal's property. Id. at *2; see also King v. Bankerd, 492 A.2d 608, 612 (Md. 1985) (and the numerous cases from Alaska to Utah cited therein); 3 Am. Jur. 2d, Agency, sec. 31 (Supp. 2000).

In discussing the extensive case authority on this issue, the Connecticut Superior Court emphasized the following policy considerations that have been recognized: An attorney-in-fact owes to the principal the highest duty of loyalty; gifts of a principal's property generally will be adverse to the interests of the principal; and, if a principal wished to make a gift of property, the principal could do so on his or her own. Estate of Antone v. Staphos, supra at *3; King v. Bankerd, supra at 613.

In Estate of Antone, the Connecticut Superior Court noted expressly that the broad, "catchall" language in the Act (such as "otherwise to dispose of") should not be interpreted to convey a power to make gifts of a principal's property. See also Aiello v. Clark, 680 P.2d 1162, 1165-1166 (Alaska 1984).

As a result of the above legal analysis, the Connecticut Superior Court in Estate of Antone, denied a motion for summary judgment.

Thereafter, the above cases were consolidated for trial and opinion on the legal issue as to whether attorneys-in-fact were authorized to make gifts under the Act and on the factual issue as to whether the attorney-in-fact violated his fiduciary duty to his principal by making the gifts. Wosczyna v. Estate of Antone, 1996 WL 434261 (Conn. Super. Ct. July 17, 1996). In its opinion, the Connecticut Superior Court did not decide the legal issue and simply held that the attorney-in-fact had acted in his own self-interest, had violated his fiduciary duty of loyalty to his principal, and that the gift was revocable. Id. at *4.

Petitioner contends that since the broad language of the Act authorizes attorneys-in-fact to act as "alter egos" of their principals, decedent's attorneys-in-fact herein were implicitly authorized under the Act to make gifts on decedent's behalf, and therefore that the $144,400 value of decedent's transferred property need not be included in decedent's gross estate.

Respondent contends that the Act and the POA neither explicitly nor implicitly authorize decedent's attorneys-in-fact to make gifts on decedent's behalf, and respondent contends that until decedent's death the transfers of decedent's property were revocable by decedent.

Absent express language in a POA providing otherwise and particularly in light of Estate of Antone v. Staphos, supra, and the persuasive analysis contained therein, we believe that the Supreme Court of Connecticut would conclude that under the Act a general POA does not include the power to make an irrevocable transfer of a principal's property without consideration.

On brief, petitioner alleges that decedent expressly authorized and intended decedent's attorneys-in-fact to make gifts of decedent's property and that under Estate of Pruitt v. Commissioner, T.C. Memo. 2000-287, and Estate of Bronston v. Commissioner, T.C. Memo. 1988-510, the transfers made by decedent's attorneys-in-fact should be treated as irrevocable gifts.

In Estate of Pruitt and Estate of Bronston, we concluded that Oregon and New Jersey law, respectively, did not necessarily prohibit attorneys-in-fact from making gifts in appropriate circumstances, and we held that the POAs in those cases contained express language broad enough to authorize the attorneys-in-fact to make irrevocable gifts. In those cases, the taxpayers also established that the decedents intended for their attorneys-in-fact to continue with a pattern of gift giving that had been established by the taxpayer and that the attorneys-in-fact had not committed fraud, abuse, or self-dealing with respect to the

gifts.  <u>Estate of Pruitt v. Commissioner</u>, <u>supra</u>; <u>Estate of Bronston v. Commissioner</u>, <u>supra</u>.

Even if our interpretation of Connecticut law is mistaken and the Supreme Court of Connecticut would allow under general POAs gifts to be made by attorneys-in-fact, the evidence in the instant case does not indicate that decedent herein had established a pattern of gift giving or that decedent intended to give a POA that included the power to transfer decedent's property without consideration.

We conclude that prior to her death decedent retained the power under Connecticut law to revoke the transfers of the property with a value of $144,400.  Under section 2038(a)(1), the value of that property is to be included in decedent's estate.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.