T.C. Summary Opinion 2005-150


UNITED STATES TAX COURT


SANDRA J. WOLF, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2010-05S.          Filed October 12, 2005.


Sandra J. Wolf, pro se.

Jennifer S. McGinty, for respondent.


COHEN, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,391 in petitioner's Federal income tax for 2002. Respondent also determined an accuracy-related penalty under section 6662(a) of $278.20. After hearing petitioner's testimony at trial, respondent's counsel conceded the accuracy-related penalty. Therefore, the only remaining issue for decision is whether petitioner received taxable separate maintenance income under section 71(b).

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in East Rochester, New York, at the time that she filed her petition.

Petitioner married Wayne T. Wolf (Wolf) on July 31, 1971. In 1998, Wolf filed for divorce from petitioner. Petitioner allowed Wolf to proceed with a default divorce by oral stipulation dated May 3, 1999.

A Decree of Divorce (divorce decree) was entered by the Supreme Court of the State of New York, County of Monroe, on September 13, 1999. The stipulation into which petitioner and Wolf had entered was incorporated in, but not merged with, the divorce decree. Under the terms of the divorce decree and the incorporated stipulation, by which petitioner and Wolf are bound, Wolf is to pay as maintenance to petitioner $800 per month "until such time as * * * [Wolf] is eligible to retire from his

employment, approximately 9 years from this date."  The divorce decree is silent as to whether the payments are to terminate upon petitioner's death.

In 2002, petitioner received payments from Wolf totaling $9,600.  Wolf deducted the payments as alimony on his 2002 income tax return.  Petitioner did not include the $9,600 as alimony income on her 2002 return.

## Discussion

The parties dispute whether the payments received by petitioner from Wolf are taxable to her under section 71. Resolution of this dispute depends on whether the payments, as a matter of law, terminate on the death of petitioner.

Section 71(a) provides that gross income generally includes amounts received as alimony or separate maintenance payments. Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if--

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and

there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

If the payor is liable for any qualifying payment after the recipient's death, none of the related payments required will be taxed as alimony. Sec. 1.71-1T(b), Q&A-13, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984). Whether a postdeath obligation exists may be determined by the terms of the divorce or separation instrument or, if the instrument is silent on the matter, by State law. Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see Kean v. Commissioner, 407 F.3d 186 (3d Cir. 2005), affg. T.C. Memo. 2003-163; Megibow v. Commissioner, T.C. Memo. 1998-455.

The parties dispute whether the payments at issue meet the requirement of section 71(b)(1)(D). The parties are in agreement that the divorce decree does not provide any conditions for the termination of these payments. Respondent maintains that the payments received by petitioner are gross income under section 71(a) because the payments were for separate maintenance. Petitioner contends that the payments are not taxable because the divorce decree did not specifically state that the payments should terminate at the death of petitioner or her former spouse. In 1986, however, Congress amended section 71(b)(1)(D) specifically to remove the requirement that a divorce or separation instrument affirmatively state that liability

terminates upon the death of the payee spouse, effective for instruments executed after December 31, 1986.  See Tax Reform Act of 1986, Pub. L. 99-514, sec. 1843(b), 100 Stat. 2085, 2853; Leventhal v. Commissioner, T.C. Memo. 2000-92.  Therefore, payments are included in the recipient's gross income if termination at death would occur under State law.  See Leventhal v. Commissioner, supra.

In New York, actions for divorce are governed by part B of section 236 of the Domestic Relations Law.  N.Y. Dom. Rel. Law sec. 236B (McKinney 1999 & Supp. 2005).  New York Domestic Relations Law section 236B(1)(a) provides:

> The term "maintenance" shall mean payments provided for in a valid agreement between the parties or awarded by the court in accordance with the provisions of subdivision six of this part, to be paid at fixed intervals for a definite or indefinite period of time, but an award of maintenance shall terminate upon the death of either party or upon the recipient's valid or invalid marriage, or upon modification pursuant to * * * [section 236B9.b.].

The statute differentiates between maintenance payments made pursuant to an agreement and those made under court decree.  See Leventhal v. Commissioner, supra (citing Scheinkman, Practice Commentaries, in McKinney's Consol. Laws of N.Y., Book 14, Domestic Relations Law C236B:10, at 330-331 (1999)).  With respect to court-awarded maintenance, the payments automatically terminate upon any of the events listed in the statute (terminating events).  See id.  With respect to maintenance

payments made pursuant to an agreement, the obligation generally terminates upon the death of either spouse, but the parties may modify or extend the duration of payments by agreement.  See In re Riconda, 90 N.Y.2d 733, 736-737, 688 N.E.2d 248, 250-251 (1997).

The court decree provided for separate maintenance payments, and, pursuant to State law, the payments would terminate upon the death of either party, and there was no language in the incorporated agreement to provide otherwise.  See N.Y. Dom. Rel. Law sec. 236B(1)(a).  We conclude that the $9,600 that petitioner received from Wolf in 2002 is separate maintenance and is gross income to petitioner under section 71(a).

To reflect the foregoing,

Decision will be entered

for respondent.