T.C. Memo. 2007-180

UNITED STATES TAX COURT

TONI L. SARCHETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11785-06.                    Filed July 9, 2007.

Toni L. Sarchett, pro se.

<u>Carolyn A. Schenck</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $69,390
in petitioner's Federal income taxes for 2004.  After a
concession by respondent, the issue for decision is whether
petitioner is entitled to deduct, as alimony under section 215,
$200,000 in payments made to her former spouse.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time that she filed her petition. Petitioner was previously married to Jon Sarchett (her former spouse). The marriage of petitioner and her former spouse was dissolved through proceedings commenced in the Los Angeles County Superior Court in 2001 and concluded in 2004. Attached to and made part of the judgment of dissolution of the marriage was the agreement between petitioner and her former spouse, each represented by attorneys, as to spousal support and property division. Section I of the agreement provided for the division of community property. After listing specifically property awarded to petitioner or to her former spouse, the agreement provided:

II. EQUALIZATION PAYMENT

A. In order to equalize the division of the parties community property and debts, * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of two hundred twenty-five thousand * * * dollars. Said sum shall be paid to * * * [Jon Sarchett] as set forth in the following schedule:

1. * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of one hundred twenty-five thousand * * * dollars on or before May 10, 2004;

> 2.  * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of twenty-five thousand * * * dollars on or before June 30, 2004;
>
> 3.  * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of twenty-five thousand * * * dollars on or before September 30, 2004;
>
> 4.  * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of twenty-five thousand * * * dollars on or before December 31, 2004; and
>
> 5.  * * * [Toni Sarchett] shall pay to * * * [Jon Sarchett] the sum of twenty-five thousand * * * dollars on or before March 31, 2005.

In a separate section dealing with spousal support, petitioner was ordered to pay to her former husband the sum of $4,000 per month "continuing until death of either party, remarriage of the supported party, or further order of Court."  Payment of the spousal support was to be suspended "for so long as * * * [Toni Sarchett] is in full compliance with the equalization payment schedule set forth above in paragraph II."  The agreement further provided that, in the event of default in any of the equalization payments, the spousal support arrears would become due and payable from April 1, 2004, through the date of default, and the monthly spousal support payments would be reinstated and continue until the death of either party, remarriage of Jon Sarchett, or further order of Court.

During 2004, petitioner made spousal support payments to her former spouse totaling $18,000.  Petitioner also made four equalization payments totaling $200,000, consisting of four

payments consistent with section II of the agreement quoted above.

On Form 1040, U.S. Individual Income Tax Return, for 2004, petitioner claimed a deduction for "alimony paid" in the total amount of $218,000. Of that amount, $200,000 remains in dispute.

OPINION

Section 215(a) provides a deduction to an individual equal to the alimony or separate maintenance payments paid during that individual's taxable year. Section 215(b) defines alimony as any payment that is includable in the gross income of the payee under section 71. Section 71(a) provides for the inclusion in income of any alimony or separate maintenance payments received during the taxable year. Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if--

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Under section 71(b)(1)(D), if the payor is liable for any payment after the recipient's death, none of the payments required will be deductible as alimony by the payor. See <u>Kean v. Commissioner</u>, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163. Whether a postdeath obligation exists may be determined by the terms of the divorce or separation instrument or, if the instrument is silent on the matter, by State law. <u>Morgan v. Commissioner</u>, 309 U.S. 78, 80-81 (1940); see also <u>Kean v. Commissioner</u>, <u>supra</u>.

Respondent argues that the payments comprising the $200,000 in dispute are clearly part of a division of property under the settlement agreement. Petitioner relies on cases holding that the characterization of payments in a decree as alimony or property settlement is not controlling. See, e.g., <u>Baker v. Commissioner</u>, T.C. Memo. 2000-164. She correctly states a general rule, but the general rule does not aid her case. Whether the payments satisfy section 71 and, in this case, particularly section 71(b)(1)(D) is controlling. See, e.g., <u>Johanson v. Commissioner</u>, T.C. Memo. 2006-105; <u>Berry v. Commissioner</u>, T.C. Memo. 2005-91.

In this case, the settlement agreement requires petitioner to make the equalization payments until a fixed amount, $225,000, is paid. In contrast to the spousal support awarded in the agreement, the obligation to make the equalization payments would

continue without regard to the death of petitioner's former spouse.  Thus the payments are not deductible as alimony.

Petitioner argues that the payments would terminate on death under State law because they are alimony.  There is no persuasive evidence that the payments were alimony, however.  The evidence is to the contrary, and there is no need to resort to State law to determine the character of the payments.

We have considered the other arguments of the parties, and they are irrelevant to our decision.  To reflect respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155.</u>