T.C. Summary Opinion 2007-190


UNITED STATES TAX COURT


WILLIAM FRANKLIN SALZMAN II, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2409-07S.               Filed November 7, 2007.


William Franklin Salzman II, pro se.

Bruce M. Wilpon, for respondent.


DAWSON, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b) the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,500 in petitioner's Federal income tax for 2004. At issue is whether support payments petitioner made to his former wife in 2004 constitute alimony as defined by section 71(b) and are thus deductible by him under section 215(a).

## Background

All of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When the petition was filed, petitioner resided in San Antonio, Texas.

Petitioner was previously married to Beverly Salzman (his former wife). Their marriage was dissolved through proceedings in the District Court of Bexar County, Texas. An Agreed Final Decree of Divorce (divorce decree) was approved and entered by that court on October 4, 2002. It included a contractual agreement between petitioner and his former wife, both having been represented by counsel, as to spousal support and property division. Under the heading "Spousal Support", the divorce decree provides in pertinent part:

> It is ordered that William Franklin Salzman, II, is obligated to pay and shall pay to Beverly June Salzman spousal maintenance of $500.00 per month for a period of no longer than four (4) years, with the first payment of $250.00 being due and payable on June 1, 2002, and a second payment of $250.00 being due and payable on June 15, 2002, and thereafter a like payment of $500.00 being due and payable on the first day of each month for a period of no longer than four years.

Neither the agreement nor the divorce decree specifies whether petitioner's obligation to make such payments would terminate upon his former wife's death.

In 2004 petitioner made "spousal support" payments totaling $6,000 to his former wife for which he claimed an alimony deduction on his Federal income tax return for that year. Respondent disallowed the claimed alimony deduction in the notice of deficiency.

## Discussion[2]

Petitioner contends that because he always made timely support payments to his former wife in compliance with his agreement and the district court's judgment, he is entitled to his claimed alimony deduction. To the contrary, respondent contends that petitioner's payments do not qualify as alimony under the Internal Revenue Code.

Section 71(a) provides the general rule that alimony payments are included in the gross income of the payee spouse. Section 215(a) provides the complementary general rule that alimony payments are deductible by the payor spouse in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

---

[2]The issue for decision is essentially legal. Therefore, we decide it without regard to the burden of proof.

The term "alimony" means any alimony as defined in section 71.  Section 71(b) provides in part:

> SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
>> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>>
>>> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>>>
>>> (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income * * * and not allowable as a deduction under section 215,
>>>
>>> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>>>
>>> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The parties agree that petitioner's payments to his former wife satisfied the requirements set out in section 71(b)(1)(A), (B), and (C).  Their disagreement is solely about whether petitioner's payments satisfied the provisions of section 71(b)(1)(D); i.e., whether his liability to make payments would

have terminated in the event of his former wife's death.  If so, the payments would have been "alimony".  Because we think petitioner's payments would not have terminated upon her death, we agree with respondent that they are not alimony, for the reasons stated below.

Under section 71(b)(1)(D), if the payor is liable for any qualifying payment after the recipient's death, none of the related payments required will be deductible as alimony by the payor.  See Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163.  Whether a postdeath obligation exists may be determined by the terms of the divorce or separation instrument or, if the instrument is silent on the matter, by State law.  Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see also Kean v. Commissioner, supra at 191.  The parties dispute whether the payments at issue meet the requirements of section 71(b)(1)(D).  They agree that the agreement and divorce decree do not provide any conditions for the termination of the payments.  Respondent maintains that the payments made by petitioner to his former wife are not deductible from his income as alimony under section 215(a) because the obligation to make the payments does not terminate at the death of either party under Texas law.  Petitioner argues that the payments are deductible because he intended them to be alimony and because the agreement reached with his former wife did not specifically state

that the payments do not terminate upon the death of either of them.

Although section 71(b)(1)(D), as it was enacted in 1984, originally required that a divorce or separation instrument affirmatively state that liability for payments terminates upon the death of the payee spouse in order to be considered alimony, the statute was retroactively amended in 1986 so that such payments now qualify as alimony as long as termination of the liability would occur upon the death of the payee spouse by operation of State law. Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996), affg. T.C. Memo. 1995-183. Petitioner's agreement and the divorce decree are silent on whether his monthly payments of $500 to his former wife, totaling $24,000 for the fixed 4-year period, would survive her death as a matter of law. Consequently, our analysis is guided by Texas State law.

Section 7.006 of the Texas Family Code provides for written agreements incident to divorce:

> (a) To promote amicable settlement of disputes in a suit for divorce or annulment, the spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses and maintenance of either spouse. The agreement may be revised or repudiated before rendition of the divorce or annulment unless the agreement is binding under another rule of law.

Tex. Fam. Code Ann. sec. 7006(a) (Vernon 2006).

Under Texas State law contractual support payments do not terminate on the death of the former payee spouse absent

agreement to the contrary shown by the contract or surrounding circumstances.  In <u>Cardwell v. Sicola-Cardwell</u>, 978 S.W.2d 722, 726 (Tex. App. 1998), the State court of appeals, holding that contractual alimony agreements in Texas are governed by the law of contracts, and generally survive the death of one of the parties, stated:

> Neither the historical treatment of alimony in Texas, nor Texas case law, indicates that the general rules of alimony--i.e., <u>court-ordered</u> spousal support--should apply to <u>contracts</u> for spousal support, particularly the rule that alimony presumptively terminates on the obligor's death.  Cf. <u>Hutchings</u>, 406 S.W.2d at 421 (holding that agreement for periodic child support payments is governed by law of contracts, and under contract principles payments survive obligor's death absent agreement to contrary shown by provisions of contract or surrounding circumstances).

While petitioner's assertions are forthright and appealing, unfortunately for him the Internal Revenue Code is specific in its requirements, and by virtue of Texas State law his support payments to his former wife in 2004 did not meet the requirement outlined in section 71(b)(1)(D).  Accordingly, we hold that petitioner's payments made to his wife in 2004 did not satisfy all the conditions set forth in section 71 and thus are not properly deductible as alimony for the taxable year in issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.