ROY NOBLE LEE, Chief Justice,
for the Court:
The United States of America (USA) appeals from an order of the Clarke County Circuit Court which awarded the Mississippi State Tax Commission (MSTC) $17,-530.83 plus 80% of accrued interest on an interpled fund of money totaling $21,-716.17. The rest of the fund totaling $4,185.34 was awarded to the USA along with 20% of the accrued interest. USA presents one issue for decision.
DID THE LOWER COURT ERR IN DETERMINING THAT THE STATE LIENS HAD PRIORITY OVER THE FEDERAL LIENS?
FACTS
Gamco, Inc. entered into a construction contract with the Mississippi State Highway Commission. Several federal and state assessments were made against Gam-co for its failure to pay taxes. The state assessments are listed as follows:
Number of Tax Lien Amount Assessment Date
189-2-0 $ 700.42 6-25-84
42232 15,505.54 8-29-84
34071 366.30 1-31-84
35608 366.30 3-28-84
37204 369.60 7-31-84
27395 222.67 8-31-84
*615 The federal assessments are listed as follows:
Taxable Period •(Quarter) Amount Notice Filed
2nd Q, '82 $ 8,944.11 5-21-84
4th Q, ’82 6,870.13 5-21-84
1st Q, ’83 11,022.40 5-21-84
2nd Q, ’83 12,557.29 5-21-84
3rd Q, ’83 12,667.28 5-21-84
4th Q, '83 13,208.07 2-12-85
2nd Q, ’84 10,050.74 11-29-84
On September 7, 1984, the state requested that writs of garnishment be issued on the Highway Commission. On February 4, 1985, the lower court ordered the Highway Commission to withhold Gamco’s earnings until it accumulated $17,530.83, being the sum due the MSTC, and to withhold a sufficient amount to satisfy all court costs incurred. When the amounts were accumulated, the Highway Commission was ordered to make payment into the registry of the court.
On February 14, 1985, the USA served a Notice of Levy upon the Highway Commission seeking to collect the taxes owed by Gamco. Due to the conflicting claims, the Highway Commission filed a Motion for Leave to Interplead Funds. On May 6, 1985, the lower court granted the motion and the contract proceeds totaling $21,-716.17 were paid into the registry of the court. The MSTC, the United States Department of Treasury, Internal Revenue Service, and Gamco, Inc. were made parties to the interpleader action.
On September 11, 1986, the lower court entered judgment awarding the MSTC $17,-530.83 plus accrued interest. The judgment, however, was later vacated on September 18, 1986. The order vacating the judgment also stated that the case would be resolved on the record without trial.
On October 6, 1987, the lower court ordered that the case be dismissed and that the MSTC be awarded $17,530.83 plus interest as provided by the order. This judgment was also vacated on November 4, 1987.
The USA filed a motion for summary judgment with a supporting memorandum of law, and an amended motion for summary judgment with a supporting memorandum of law. In its amended motion for summary judgment, the USA conceded that two state tax liens, 34701 and 35608, totaling $732.60 had priority over the federal liens and should be paid to the MSTC from the interpled funds. Thus, the only dispute was whether the MSTC’s or the USA’s liens had priority as to the remaining $20,-983.57.
The MSTC filed a brief in support of its position that it was entitled to its entire claim of $17,530.83. The USA replied by filing a supplemental memorandum of law with attached cases. Finally, the MSTC filed a rebuttal brief.
On February 4, 1988, the lower court entered judgment in favor of the MSTC by awarding it $17,530.83. The balance of the fund totaling $4,185.34 was awarded to the USA. The USA appealed the decision to this Court.
LAW
When determining the priority of federal tax liens as to competing liens, a court must look to state law to determine the legal interest of the taxpayer in the property, but once the legal interest has been determined, the court must look to federal law to determine the priority of the competing liens.
[I]t has long been the rule that “in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ... sought to be reached *616 by the statute.” (footnote omitted) Morgan v. Commissioner, 309 U.S. 78, 82, 60 S.Ct. 424, 426, 84 L.Ed. 585, 589.- ... However, once the tax lien has attached to the taxpayer’s state-created interests, we enter the province of federal law, which we have consistently held determines the priority of competing liens asserted against the taxpayer’s “property” or “rights to property.”
Aquilino v. United States, 363 U.S. 509, 513-14, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365, 1368-69 (1960).
The federal statutes controlling the establishment of a federal tax lien that were enacted at the time the liens were filed are set out in Appendix I.
The lower court held that Gamco did have an interest in the funds that had been garnished. Furthermore, according to MCA § 27-65-57 (1972), the MSTC was a judgment lien creditor as to the first two state liens totaling $732.60. These two state liens were filed before the federal tax liens were filed and according to 26 U.S.C. § 6323(a), the federal liens do not have priority over a judgment lien creditor until notice thereof. On May 21, 1984, however, federal tax liens totaling $52,061.21 were enrolled with the Clarke County Chancery Clerk’s office. These tax liens predate the other state tax liens and the state garnishment.
Except for the first two liens filed by the state, the five federal liens filed on May 21, 1984, should be given priority over the remaining state liens. According to United States v. City of New Britain, 347 U.S. 81, 85-86, 74 S.Ct. 367, 370, 98 L.Ed. 520, 525-26 (1954), the priority given to competing federal and state claims is to be determined according to the rule that “the first in time is the first in right.”
The lower court, however, did not base its opinion on “the first in time is the first in right.” The lower court determined that the federal levy was ineffective. The federal statutes regarding levies that were in effect at the time of the levy are set out in Appendix II.
Holding in favor of the MSTC, the lower court judge stated:
- Resolution of this issue, in my judgment, requires the exercise of some common sense as well as the application of law. 26 U.S.C.A. § 6332(a) seems to fit the bill. This section requires any person served with a federal tax levy to surrender all property in his possession owned [by] the taxpayer to the Government. An exception is made however. If the property is subject to an attachment or execution under any judicial process, surrender is not required. It is this Court’s opinion that the service of the garnishment writs, answer, and judgment in this case is execution under judicial process. To hold otherwise would result in chaos and confusion. Should the garnishee defendant search the judgment rolls and pay the captured funds to a prior judgment lien creditor? I would hope that he would answer the garnishment writ first. If a bank account is garnished, should the bank search the judgment rolls for a recorded federal tax lien? If they pay captured funds into the registry of the Court, pursuant to court order, might they later be responsible to the government for a recorded federal tax lien? I think § 6332(a) was intended to prevent this absurd result.
The lower court relied upon the fact that the MSTC already had a judgment ordering the Highway Commission to pay the garnished funds into the registry of the court. The fact that the levy was ineffective, however, does not necessarily mean that the federal tax lien should not be given priority as to the competing state lien. A levy is administrative and the fact that the Highway Commission was not required by § 6332(a) to surrender the funds does not have any effect on the rights of competing liens.
When the levy was issued against the Highway Commission, the Commission had already been ordered by the Clarke County Circuit Court to pay the funds into the registry of the court. Without the exception language in § 6332(a), the Commission would be subject to suit for failure to hon- or the levy if it went ahead and paid the *617 funds to the Circuit Court. The exception language prevents such suit, but it does not determine the priority of the tax liens. See United States v. National Bank of Commerce, 472 U.S. 713, 720-21, 731, 105 S.Ct. 2919, 2924-25, 2930, 86 L.Ed.2d 565, 573-74, 580-81 (1985).
In order for a state lien to obtain priority over a federal lien, it must become choate before the federal lien arises. United States v. Equitable Life, 384 U.S. 323, 327-28, 86 S.Ct. 1561, 1564, 16 L.Ed.2d 593, 596-97 (1966); City of New Britain, supra. A lien becomes choate “when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.” City of New Britain, 347 U.S. at 84, 74 S.Ct. at 369, 98 L.Ed. at 525. Although the state liens were choate, the federal lien arose before all of the state liens except for the first two.
The MSTC argues that at the time of the federal levy, Gamco no longer had any interest in the property. It also argues that the general rule, “the first in time is the first in right,” does not apply in this case because we are dealing with intangible property. The MSTC, as well as the lower court, expressed concern as to the effect the application of the general rule would have with respect to negotiable, intangible personal property.
The assertion that Gamco no longer had any interest in the funds due to the judgment of the lower court is without merit. Such a ruling would go against the clear language of § 6323(a) which only gives priority to judgment lien creditors when they are not subject to notice of the federal tax lien.
The federal statutes also do not distinguish between tangible and intangible property in establishing a tax lien. Section 6323(f)(l)(A)(ii) provides the procedure for filing a federal tax lien against both tangible and intangible personal property. A federal tax lien attaches to “all property and rights to property, whether real or personal, belonging” to the taxpayer. 26 U.S.C. § 6321. Also, according to Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945), “a continuing lien covers property or rights to property in the delinquent’s hands at any time prior to expiration.” Id. at 267, 66 S.Ct. at 110, 90 L.Ed. at 59. Thus, it covers after-acquired property.
Furthermore, § 6323(b) contains provisions protecting certain commercial transactions from a prior federal tax lien. Thus, Congress has made exceptions to the general rule “the first in time is the first in right” in order to prevent unwarranted interference with certain commercial transactions. -
Finally, the disposition of property attached by the lien has no effect on the lien. Phelps v. United States, 421 U.S. 330, 334-35, 95 S.Ct. 1728, 1731, 44 L.Ed.2d 201, 205-06 (1975). Once the lien attaches, it continues into the hands of third parties. United States v. Rodgers, 461 U.S. 677, 691 n. 16, 103 S.Ct. 2132, 2141 n. 16, 76 L.Ed.2d 236, 251 n. 16 (1983); United States v. Bess, 357 U.S. 51, 57, 78 S.Ct. 1054, 1058, 2 L.Ed.2d 1135, 1142 (1958).
In our opinion this ease must be affirmed in part and reversed in part. The first two state liens totaling $732.60 were choate before the federal tax liens were filed. As a judgment lien creditor with respect to those two liens, the MSTC is entitled to the funds. 26 U.S.C. § 6323(a). The remaining state liens, however, were not filed prior to the federal liens filed on May 21, 1984. These federal liens totaled $52,061.21. According to the general rule that “the first in time is the first in right,” the USA is entitled to the rest of the inter-pled funds totaling $20,983.57. National Bank of Commerce, supra.
AFFIRMED IN PART. REVERSED AND RENDERED IN PART.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in part, dissents in part.
ANDERSON, J., not participating.
*618 APPENDIX I
Internal Revenue Code of 1954.
26 U.S.C.:
Section 6321. LIEN FOR TAXES.
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
Section 6322. PERIOD OF LIEN.
Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.
Section 6323. VALIDITY AND PRIORITY AGAINST CERTAIN PERSONS.
(a) Purchases [sic], Holders of Security Interests, Mechanic’s Lienors, and Judgment Lien Creditors. The lien imposed by Section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic’s lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.
[[Image here]]
(f) Place for Filing Notice; Form.
(1)Place for filing. The notice referred to in subsection (a) shall be filed
(A) Under state laws.
[[Image here]]
(ii) Personal property. In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property .subject to the lien is situated;
[[Image here]]
(2) Situs of property subject to lien. 'For purposes of paragraph (1) ..., property shall be deemed to be situated
[[Image here]]
(B) Personal property. In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.
For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.
(3) Form. The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.
APPENDIX II
Internal Revenue Code of 1954.
26 U.S.C.:
Section 6331. LEVY AND DISTRAINT.
(a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding *619 that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.
[[Image here]]
Section 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
(a) Requirement. Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process. (emphasis added)